RODRÍGUEZ, PETICIONARIA, v. CROSAS, JUEZ DE DISTRITO,
DEMANDADO.

SOLICITUD para que se expida auto de *mandamus* al Juez de
la Corte de Distrito de Aguadilla en causa por homicidio.

No. 174.—Resuelto en agosto 1, 1919.

JUICIO RÁPIDO—DERECHO CONSTITUCIONAL—El derecho que tiene un acusado a
un juicio rápido es un derecho constitucional y puede considerarse infrin-
gido sin hacer referencia especial al estatuto local que exige que el juicio
se celebre dentro de 120 días, cuando no se muestre una buena causa para
la demora.

ID.—PRIVILEGIO LEGISLATIVO.—El derecho que tiene un acusado a un juicio rápido
puede ser superior al privilegio que tiene un legislador de no comparecer
en la corte como testigo, y si el fiscal no puede fijar una fecha en que com-
parezca el testigo legislador, debe proseguirse el juicio sin él, especialmente
cuando el acusado ofrece aceptar el informe de ese testigo, que fué el mé-
dico llamado en el caso.

ID.—CONVENIENCIA DE LA CORTE—EPIDEMIA.—La conveniencia de los términos de
sesiones de la corte no está por encima del derecho del acusado cuando su
caso ha sido suspendido indefinidamente sin su consentimiento, y la existen-
cia de una epidemia en el día señalado para el juicio, no impide que se se-
ñale el caso de nuevo para una fecha cercana.

Los hechos están expresados en la opinión.

Abogado del peticionario: *Sr. Buenaventura Esteves.*

El juez demandado compareció por escrito en nombre
propio.

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tri-
bunal.

El resultado de las alegaciones y pruebas en esta solici-
tud de *mandamus* es que fué presentada una acusación con-
tra Bonifacio Rodríguez por un delito de homicidio el día
24 de septiembre de 1918; que la lectura de la acusación
tuvo lugar el día 7 de octubre de 1918, y entonces el acu-
sado alegó su inocencia; que la corte señaló el día 24 para
el juicio pero que a consecuencia del terremoto de 11 de
octubre de 1918 el edificio de la corte fué destruído y no se
encontró ningún otro local en el día señalado; que la corte
de distrito fué instalada en el local que ocupa ahora en el
mes de noviembre de 1918; que por razones de desorgani-

zación de los archivos de la corte no continuaban las sesiones hasta el día 11 de diciembre de 1918; que el caso fué señalado nuevamente para el día 19 de enero de 1919, cuando fué suspendido por justa causa o sea debido a la existencia de la influenza, pero sin el consentimiento del acusado según aparece de la certificación del secretario; que el caso fué señalado para el día 20 de marzo de 1919, en cuya fecha el fiscal de distrito sin haber notificado al acusado solicitó una nueva suspensión fundada en que uno de los testigos del gobierno, un médico, era miembro de la Legislatura que entonces estaba celebrando sesiones; que el caso fué señalado nuevamente para el día 18 de junio de 1919 y entonces el fiscal de distrito presentó la misma moción que había hecho en marzo de 1919 y por igual razón; el acusado entonces se opuso a la moción porque el caso había estado pendiente por espacio de casi un año y dicho acusado estaba dispuesto a aceptar y admitir el informe del testigo perito en el caso; que el fiscal de distrito estuvo conforme en entrar a juicio siempre que el acusado aceptara y admitiera también que había disparado contra la interfecta; que al negarse el acusado, la corte, a instancia del fiscal de distrito, decretó nuevamente la suspensión del juicio.

El derecho que tiene un acusado a un juicio rápido es un precepto constitucional y creemos que ha sido infringido en este caso sin que tengamos que hacer referencia especial alguna al artículo 448 del Código de Enjuiciamiento Criminal que prescribe la celebración del juicio dentro de 120 días cuando no se muestra justa causa para la demora. Sin discutir ningún otro aspecto de la ley que exime a los miembros de la Legislatura de comparecer como testigos, es dudoso si el derecho que tiene un acusado no sería superior al privilegio legislativo y que si el fiscal del distrito no puede convenir en una fecha para que comparezca el miembro de la Legislatura entonces el gobierno deberá proceder, no obs-

tante, a la celebración del juicio. Sin embargo, cuando en el mes de junio fué alegada esta misma razón por segunda vez y el acusado estaba conforme en aceptar el informe del perito médico, desapareció todo motivo para una suspensión. Todas las veces que el caso tuvo que ser demorado se hizo sin el consentimiento del acusado. El caso había estado pendiente desde el mes de septiembre. La mera razón de que el día señalado para el juicio existía una epidemia no impedía que se hubiera hecho un nuevo señalamiento de la causa poco tiempo después. La conveniencia de la corte en lo que respecta a sus términos no es superior al derecho que tiene el acusado cuando el caso ha sido suspendido indefinidamente sin su consentimiento. La corte podía señalar un día particular de ser necesario. Generalmente los acusados no insisten en los juicios rápidos pero tienen el derecho de hacerlo. Pero aun aceptando el texto literal del artículo 448 creemos que han transcurrido más de 120 días sin demostrarse justa causa para la demora. Después de enero y hasta el mes de junio no existía verdadera razón para no someter a juicio del acusado, aun cuando una parte del tiempo anterior no podía haberse incluído como parte de los 120 días. Transcurrieron nueve meses. Sin hacer gran insistencia en ninguna fase especial del caso, el acusado no ha tenido el juicio rápido que la ley exige. El solicitó el sobreseimiento de la causa en la corte inferior el cual debió haberse decretado.

Debe expedirse un auto perentorio de *mandamus* ordenando el sobreseimiento de la acusación.

*Expedido el auto de* mandamus, *ordenándose el sobreseimiento de la acusación.*

Jueces concurrentes: Sres. Asociados del Toro, Aldrey y Hutchison.

El Juez Presidente Sr. Hernández no tomó parte en la resolución de este caso.