El Pueblo de Puerto Rico, demandante y apelado, *v.* Jesús Díaz, acusado y apelante.

No. 5716.—*Sometido:* Abril 9, 1935. *Resuelto:* Mayo 7, 1935.

*A. Porrata Doria,* abogado del apelante; *R. A. Gómez, Fiscal,* y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

El apelante fué denunciado y condenado por infracción de la sección tercera de la Ley No. 1 de 1934 (pág. 137) porque en la fecha indicada en la denuncia se encontraba en posesión de cierto número de litros de ron cañita, que es un espírtu o bebida que contiene alcohol obtenido por destilación, sin haber pagado al Tesorero de Puerto Rico un impuesto de $0.20 por cada litro o fracción de litro de dicha bebida.

La referida sección tercera dice, en lo necesario para este caso, que se impondrá, cobrará y pagará sobre las siguientes bebidas producidas, importadas o traídas a Puerto Rico, un impuesto de: . . . . (c) un impuesto de veinte (20) centavos por cada litro de espíritu, y un impuesto igual por cualquier cantidad o fracción de la misma; . . .

En vista de esas palabras de la ley sostiene el apelante que las personas que producen, importan o traen a Puerto Rico las bebidas relacionadas en la sección tercera son las llamadas a pagar el arbitrio que sobre las mismas se fija y no cualquier persona que las posea; que la ley no castiga la posesión y que solamente fija un arbitrio para los productores o importadores.

En esa sección de la ley se declara que las bebidas que especifica están sujetas al tributo, bien sean importadas o producidas aquí, por lo que esa bebida está sujeta a tributación porque fué traída a esta isla o producida aquí. Con respecto a las personas obligadas al pago dispone la sección 38 de esa ley que los impuestos que por ella se prescriben

serán pagados por el traficante, el fabricante o por el consumidor al introducir el producto, o al traspasarlo o al poseer el mismo, bien sea por traspaso o introducción o por compra, donación o de otro modo, dentro de los diez (10) días siguientes a la introducción o fabricación del producto y los impuestos deberán pagarse dentro del término mencionado o de acuerdo con las disposiciones que el Tesorero por reglamento prescribiere. De modo que fuera el apelante traficante, fabricante o consumidor que posee esas bebidas tenía que pagar ese tributo. Por lo expuesto la denuncia contiene hechos de la infracción alegada.

El apelante solicitó que la denuncia fuese sobreseída y archivada por no haberse celebrado el juicio dentro de los 120 días siguientes a la radicación de la misma y la negativa de la corte se alega como error. Esa solicitud fué presentada el día del juicio y ya hemos resuelto en varias ocasiones que debe ser hecha antes del juicio.

*La sentencia apelada debe ser confirmada.*

El Juez Asociado Señor Wolf disintió.*