EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JUAN ACOBES, acusado y apelante.

No. 5800.—*Sometido:* Noviembre 22, 1935. *Resuelto:* Enero 17, 1936.

*Pedro M. Porrata,* abogado del apelante; *R. A. Gómez, Fiscal* y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Juan Acobes fué convicto de infringir las secciones 3, 34 y 51 de la Ley de Bebidas (Leyes de 1934, págs. 137, 141, 159 y 167) a base de una denuncia presentada por un policía insular en que se imputaba a Acobes y otros haber cometido el delito de la siguiente manera:

"Que en 14 de noviembre H. 2.15 A. M. de 1934, y en la calle Mayor Cantera, dentro del Ditrito Judicial Municipal de Ponce, P. R., que forma parte del Distrito Judicial de Ponce, P. R., los referidos acusados, Manuel Ramos Rodríguez, Juan Rodríguez Collazo, Manuel Rivera Torres, Epifanio Alicea Ruiz y Juan Acobes González, allí y entonces de una manera voluntaria, maliciosa e ilegalmente y dentro del automóvil No. 6078, propiedad de Juan Acobes González, estaban en posesión de cuatro latones conteniendo como veinte galones de ron cañita sin que sobre dichos envases se encontraran adheridos los correspondientes sellos de identificación, lo que constituye prueba prima facie de que el impuesto sobre dicha bebida alcohólica no ha sido pagado. De las cuatro latas de ron sólo pudieron ocuparse dos llenas, una como con tres galones y la otra vacía; debiéndose esto a que en la lucha con la policía los acusados lanzaron las latas a la carretera, perdiéndose el contenido de una, parte de la otra y resultando todas completamente abolladas."

La presente apelación se basa en los siguientes motivos:

"La denuncia no aduce hechos suficientes porque el reglamento del Tesorero de Puerto Rico que requiere el artículo 34 de la Ley de Bebidas, no fué adoptado hasta el día 10 de abril de 1935, y el delito que se le imputa al acusado se le imputa como cometido el día 11 de diciembre de 1934.

"La denuncia no aduce hechos suficientes porque ni alega, en forma debida, que el apelante no hubiera pagado los impuestos que requiere la sección 3 de la ley, ni le imputa al acusado la produc-

ción, importación o la traída a Puerto Rico de licores sin pagar el impuesto que dicha sección 3 establece.''

La sección 3 de la ley dispone que se impondrán, cobrarán y pagarán ciertas contribuciones sobre un número de bebidas que se especifican, producidas, importadas o traídas a Puerto Rico. La sección 20 provee que los impuestos sobre bebidas alcohólicas fabricadas o producidas en Puerto Rico serán pagados antes de que las mismas salgan de la fábrica. Las secciones 34 y 51 leen así:

''Sección 34.—Con el fin de identificar aquellas bebidas alcohólicas tributables que a juicio del Tesorero deban identificarse para evitar fraude, se faculta al Tesorero para que, mediante la promulgación de reglamentos, haga fijar sobre los envases sellos de identificación u otros distintivos adecuados, los que serán suministrados gratis a los contribuyentes por el Tesorero; *Disponiéndose, además,* que el Tesorero podrá hacer que se fijen tales sellos sobre los productos tributables adquiridos durante la vigencia de anteriores leyes de arbitrios y que se encuentren en el mercado al empezar a regir la presente ley.

''La falta de dichos sellos o distintivos en los artículos que por reglamentación se exigieren, constituirá evidencia prima facie de que los impuestos, por esta Ley prescritos, no han sido pagados y toda persona responsable de ello, incurrirá en delito menos grave (*misdemeanor*).

. . . . . . . . . . . .

''Sección 51.—La falta del debido sello de identificación en cualquier envase en que se exija por esta Ley o sus reglamentos la aplicación de tales sellos de identificación como comprobación del pago del impuesto, constituirá evidencia prima facie de que el impuesto no ha sido pagado y todo envase falto del correspondiente sello de identificación será ocupado por el Tesorero o por agentes de rentas internas y por él vendido a favor de El Pueblo de Puerto Rico.''

De conformidad con los términos de un *disponiéndose* que aparece al final de la sección 73, se reviven las reglas vigentes antes de declararse la Prohibición en Puerto Rico hasta tanto se promulguen nuevos reglamentos. El alegato del apelante deja de demostrar que las reglas que así se hacían aplicables no contienen disposición alguna respecto a sellos de

identificación. De todos modos, la ausencia de sellos sería una mera cuestión de evidencia y no un elemento esencial del delito imputado, y la referencia que a ello se hace puede ser considerada como materia superflua, excepto en tanto en cuanto indica la intención de imputar el no pago de los impuestos. La ley empezó a regir el 13 de marzo de 1934 y los efectos de la misma no quedaron en suspenso mientras se promulgaban las reglas y reglamentos del Tesorero. Por tanto, la denuncia no dejaba de aducir hechos suficientes para constituir una causa de acción meramente por alegar que el delito se cometió el 14 de noviembre de 1934.

Habría más mérito en el segundo señalamiento si el delito se hubiese imputado mediante acusación. Bajo la regla más liberal aplicable a denuncias, la intención de imputar el no pago de los impuestos se desprende, a nuestro juicio, con suficiente claridad. No era necesario alegar que los acusados habían fabricado o importado el ron. Véase la sección 38 de la ley y el caso de *El Pueblo* v. *Díaz,* 48 D.P.R. 455.

No debe entenderse que estamos resolviendo ninguna cuestión que no ha sido específicamente suscitada por el apelante.

*Debe confirmarse la sentencia apelada.*