EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* BLAS MELÉNDEZ RODRÍGUEZ, acusado y apelante.

Núm. 7532.—*Sometido:* Abril 14, 1939. *Resuelto:* Junio 7, 1939.

*A. Porrata Doria,* abogado del apelante; *R. A. Gómez, Fiscal,* y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

Blas Meléndez fué acusado de infracción al artículo 1 de la Ley núm. 14 de 1936 (Leyes de ese año (2), pág. 129),

consistente en poseer una pistola sin registrarla o declararla ante el Jefe de Distrito de la Policía Insular de Cayey, donde tiene su residencia. Fué el caso a juicio y declarado culpable, se le impuso la pena de seis meses de cárcel. Apeló para ante este tribunal y como único error alega que la sentencia es contraria a la prueba y a derecho.

La prueba del fiscal consistió de la declaración del policía Osvaldo Lugo, que ocupó el arma, y la del Jefe Izquierdo, quien con los records de su oficina a la vista declaró que la pistola ocupada por Lugo y admitida en evidencia no había sido registrada en su oficina.

De la declaración de Lugo resulta que el día 6 de marzo del año pasado entró a la trastienda del acusado en Cayey persiguiendo una jugada que se estaba llevando a efecto en dicho establecimiento. Que estando allí encontró oculta entre unos sacos una pistola envuelta en un saco de papel. Que la ocupó y preguntó al acusado si era suya, y éste al principio vaciló, pero luego manifestó ser el dueño del arma. La declaración del Jefe Izquierdo es en el sentido anteriormente indicado.

La prueba de descargo consistió de las declaraciones de Julio Báez, Ramiro Vázquez, Arturo Méndez y la del propio acusado.

Julio Báez declaró que él era el dueño de la pistola, que su edad es veintidós años y desde que murió su abuelo hacía alrededor de doce años era dueño del arma por haber pertenecido a su abuelo. Que algunas veces él la empeñaba cuando necesitaba dinero y que el día de autos fué a la tienda del acusado con el propósito de venderla a alguno de los que allí se hallaban. Que en eso vió llegar la policía, que todos corrieron y entonces él la escondió cerca de un fregadero, debajo de unos sacos, y salió disimuladamente sin ser visto por la policía. Mientras declaraba este testigo el juez lo sometió al siguiente interrogatorio:

"P. ¿Y qué marca es la pistola?
"R. Yo no sé la marca.

"P. ¿Y el calibre?

"R. Tampoco.

"P. Dispárela, tenga. Que la dispare. (El testigo no puede disparar la pistola.)

"P. ¿Es dueño de una pistola y no sabe dispararla?

"R. Si yo no sé ni cómo es."

Los demás testigos de descargo declararon al efecto de que Báez era el dueño de la pistola, asegurando además el acusado no haber hecho la admisión que le imputa el policía Lugo.

La prueba es claramente contradictoria. El juez inferior, que vió y oyó declarar los testigos, dirimió el conflicto en contra del acusado, y no apareciendo que al así hacerlo actuara movido por pasión, prejuicio o parcialidad, o que cometiera manifiesto error en la apreciación de la prueba, *procede desestimar el recurso y confirmar la sentencia apelada.*