César Garcés, peticionario, *v.* Corte de Distrito de Arecibo, Hon. R. Agraít Aldea, Juez, demandada.

Núm. 335.—*Sometido:* Enero 19, 1939. *Resuelto:* Enero 23, 1940.

*Diego E. Ramos,* abogado del peticionario; la demandada compareció por escrito.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

César Garcés por medio de su abogado pidió a esta Corte que expidiera un auto de *mandamus* dirigido a la de Distrito de Arecibo ordenándole que decretara el sobreseimiento y archivo de las causas criminales que en dicha corte se le seguían por los delitos de portar armas prohibidas y falta de inscripción de armas de fuego.

Alegó que radicadas dichas causas en julio 21, 1939, el 30 de noviembre siguiente, notificando al Fiscal, pidió su sobreseimiento y archivo por haber transcurrido el término de ciento veinte días que fija el artículo 448, Núm. 2, del Código de Enjuiciamiento Criminal sin que se le sometiera a juicio, negándose el juez a decretarlo por estimar que la petición fué presentada tardíamente.

Se ordenó que se diese traslado de la solicitud al Juez demandado. Así se hizo y el juez en su contestación expuso

los hechos y razones en que basó su negativa. Acompañó dos certificaciones expedidas por el Secretario del Tribunal.

De la primera resulta que en agosto 4, 1939, al llamarse las causas para lectura de las acusaciones "vista la certificación médica jurada, demostrando la enfermedad del acusado en estos casos, la corte . . . dispone que se señalen para agosto 25 de 1939."

Y de la segunda que:

"Llamados los casos anteriores en el día de hoy (diciembre 1, 1939) por su orden de señalamiento, compareció El Pueblo de P. R. asistido de su Fiscal y el acusado asistido de su abogado, Lcdo. Diego E. Ramos.

"La defensa presentó mociones de archivo y la Corte las declaró sin lugar por ser tardías.

"El acusado manifestó que no estaba preparado para defenderse por haberlo citado muy tarde la Corte y entonces el Tribunal suspendió los casos hasta nuevo señalamiento, siempre que por tal suspensión no se tomara ventaja ni se levantara cuestión alguna de prescripción y el acusado, por medio de su abogado, expresó su consentimiento a que se suspendieran y en tal forma se suspendieron los casos."

Replicó el peticionario extensamente acompañando una certificación del taquígrafo de la cual resulta que la renuncia del término prescriptivo que hizo el 1º. de diciembre, 1939, lo fué a partir de ese día, interpretación que no está en pugna con lo consignado en la minuta.

Nos encontramos, pues, frente a un caso en que se archivan unas acusaciones en una corte de distrito en julio 21, 1939, y en que el juicio se señala para diciembre primero, 1939, o sea para unos diez días después del término de ciento veinte fijado por el legislador como el límite en casos corrientes de su concepto de un juicio rápido.

El señalamiento del juicio tuvo necesariamente que hacerse antes del día primero de diciembre. Según alega el juez en su contestación se hizo el 25 de noviembre, esto es, unos cuatro días después de vencido el término de ciento veinte, presentándose en noviembre treinta la petición de

sobreseimiento con *notificación* al Fiscal, dándose cuenta con ella a la corte al día siguiente o sea el fijado para la vista, ocurriendo entonces lo que ya conocemos.

Alega también el juez en su contestación, "que es costumbre de este tribunal el considerar tardía una moción de archivo presentada el día antes del juicio por la tarde, a pesar de que la vista ha sido señalada con días de antelación, porque se ha demostrado que el propósito de esta práctica tardía es evitar que el Fiscal pueda prepararse para presentar evidencia sobre suspensiones pedidas por el acusado, pues hay que hacer una búsqueda detenida en el libro de actas de la corte."

 Bajo los hechos expuestos, aunque se trata de un caso en que la desviación del orden legal no es seria, nos vemos obligados a acceder a lo solicitado porque no ya el juicio fué señalado para después de los 120 días de presentada la acusación si que el señalamiento se hizo vencido dicho término, sin que exista la más leve indicación que tienda a explicar por qué no pudo hacerse antes.

Se comprende que una corte de distrito tenga tantos asuntos que aunque trabaje activamente no pueda en algunas ocasiones verlos dentro de los ciento veinte días, pero no se explica que una corte no pueda señalar la vista de las causas pendientes ante ella y listas para señalarse, con bastante antelación al vencimiento del término. Si el señalamiento se hace de tal modo y el derecho al juicio rápido no se reclama razonablemente antes de que venza el término, quedaría renunciado. Si se reclama, surgiría la oportunidad de hacer cuanto fuera posible por adelantar el señalamiento. No siéndolo, quedaría demostrada la justa causa para ello que prevé la propia ley y en caso de solicitarse el sobreseimiento estaría perfectamente justificada la corte en denegarlo.

En cuanto a que la petición es tardía, nuestra jurisprudencia se ha limitado hasta ahora (*El Pueblo* v. *Ortiz*, 46 D.P.R. 1, 2; y *El Pueblo* v. *Díaz*, 48 D.P.R. 455, 457) a resolver que lo es cuando se presenta el mismo día del juicio

y aquí aunque parece que no se le dió cuenta al juez hasta ese día, es lo cierto que fué radicada con notificación al Fiscal en el anterior.

Y por lo que respecta a la práctica establecida en la corte de distrito de considerar el día anterior como el propio día del juicio por los motivos que indica el juez en su contestación, bastará decir que no se ha demostrado que de haber tenido el Fiscal el tiempo suficiente hubiera podido presentar evidencia de suspensiones pedidas por el acusado. Más bien ha quedado comprobado que no hubo tales suspensiones.

*Por virtud de todo lo expuesto debe expedirse el auto de mandamus solicitado en forma perentoria.*