El Pueblo de Puerto Rico, demandante y apelado, *v.* Francisco Cardona Cintrón, acusado y apelante.

Núm. 8628.—*Sometido:* Mayo 6, 1941. *Resuelto:* Mayo 9, 1941.

628

*Faustino R. Aponte* y *Manuel A. Bustelo,* abogados del apelante; *Hon. Procurador General George A. Malcolm* y *R. A. Gómez, Fiscal del Tribunal Supremo,* abogados de El Pueblo, apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

El Fiscal del Distrito de Humacao formuló acusación contra Francisco Cardona Cintrón imputándole una infracción al artículo 7 de la Ley número 14 de 1936 ((2) pág. 129) decretada para reglamentar la venta de armas de fuego en Puerto Rico, consistente en tener en su poder, allá para el 8 de marzo de 1940, un revólver, sin declararlo por escrito al jefe de policía del pueblo de su residencia, Fajardo.

Al llamarse por segunda vez la causa para juicio el siete de noviembre de 1940, se discutió una moción de sobreseimiento presentada por el acusado y fué declarada sin lugar, procediéndose a la práctica de la evidencia.

La de cargo consistió en las declaraciones de Perciliano de Jesús, P. I., José M. Lugo, cabo P. I. y A. Ramírez Rivera, Jefe Distrito P. I. Declaró el primero que en marzo 9, 1940, prestaba servicios en Fajardo y vió al acusado "con motivo de una muerta" y lo arrestó. El acusado tenía una tienda de mercería y en la trastienda, en su habitación, donde "una tal llamada Guillermina Ramos estaba muerta", le entregó el revólver que le presenta el fiscal. "Yo sugerí que dónde estaba el arma, entonces él me entregó el revólver." Lo sacó de una caja de cartón que estaba al lado de la cama, debajo de una mesa. A la pregunta "¿Al lado del cuerpo de la difunta?", contesta: "Al lado de la cama, la difunta está así, la cama está así y la caja está así."

El cabo Lugo se limitó a declarar que conocía al acusado, que sabía que vivía en Fajardo en su tienda y que el guardia De Jesús le entregó el revólver ocupado, y el Jefe Ramírez Rivera a asegurar que el revólver ocupado no estaba inscrito a nombre del acusado en el registro de armas de fuego que de acuerdo con la ley se lleva en su oficina.

Alegó el acusado que la prueba era insuficiente y pidió su absolución. Se opuso el fiscal y la corte declaró sin lugar la moción. Presentó su evidencia consistente en las declaraciones de Benigno Santiago, Pedro Rodríguez y Fernando Laureano.

Declaró el primero que tiene en Fajardo un restaurante; que conocía a Ana María Ramos; que la vió dos o tres días antes "de haberse matado" en su establecimiento; "se sentó en un reservado y solicitó un servicio de cerveza, y pasó un rato . . . y voy para allá y al abrir la cartera que tenía en la mano y sacar para pagarme, se le cayó, . . . estaba abierta, y cuando se la traje a la mano, le dije '¿qué es eso?', pude apreciar que allí había un revólver niquelado", que se le parece al que se le muestra, el ocupado.

Rodríguez, dueño en Fajardo del "Son de la Loma", otro restaurante también, vió a Ana María Ramos "días antes de suicidarse" y pudo apreciar que llevaba un revólver en su cartera. Fernando Laureano, el tercer testigo, manifestó que era empleado del acusado y lo trataba con intimidad y que en ningún momento vió que tuviera arma de fuego.

Insistió el acusado en la insuficiencia de la prueba y en pedir su absolución. La corte consideró la evidencia suficiente y dictó sentencia imponiéndole seis meses de cárcel.

Apeló Cardona Cintrón y en su alegato señala dos errores como cometidos por la corte al declarar sin lugar su moción de sobreseimiento de la causa por haber transcurrido más de ciento veinte días entre la presentación de la acusación y la celebración del juicio y al dictar sentencia en contra de la prueba y de la ley.

■ Como del estudio que hemos hecho de los autos nos parece que el primer error no existe ya que la moción presentada el día antes y discutida al comenzarse el juicio era tardía, y hemos quedado por el contrario convencidos de que el segundo fué cometido, nos limitaremos a exponer las razones que tenemos para considerar la evidencia insuficiente.

■ Hay en ella una circunstancia—la de haberse encontrado el revólver en la habitación del acusado—que sumada a otras podría servir de base a una sentencia condenatoria. Pero esa otra u otras circunstancias no se encuentran en verdad. La declaración del Policía Perciliano de Jesús es la única que relaciona al acusado con el revólver. Por ella se sabe que fué el acusado el que se lo entregó y que la entrega se verificó en la habitación que ocupaba en la trastienda de su comercio. Pero ese hecho está conectado con el otro de haberse encontrado allí una persona muerta y cerca de ella el revólver, y, además, la prueba de descargo tiende a demostrar que dicha persona se había suicidado y tenía un revólver que se parecía al ocupado.

En el caso del *Pueblo* v. *Meléndez Rodríguez,* 55 D.P.R. 39, se resolvió que:

"Prueba de haberse ocupado un arma en el establecimiento comercial del acusado, unida al testimonio de un testigo, creído por la corte, en cuanto a que el acusado admitió que era suya, y a la declaración del Jefe de la Policía, con los records de su oficina a la vista, de que el arma ocupada y admitida en evidencia no había sido registrada en su oficina mencionada, es suficiente para condenar bajo la Ley sobre registro de armas de fuego."

Y en el curso de la opinión se dijo:

"De la declaración de Lugo resulta que el día 6 de marzo del año pasado entró a la trastienda del acusado en Cayey persiguiendo una jugada que se estaba llevando a efecto en dicho establecimiento. Que estando allí encontró oculta entre unos sacos una pistola envuelta en un saco de papel. Que la ocupó y preguntó al acusado si era suya, y éste al principio vaciló, pero luego manifestó ser el dueño del arma."

Aquí no hubo aceptación alguna por parte del acusado y la entrega se verificó en conexión con la muerte de una persona extraña ocurrida al parecer dentro de su habitación.

También en el caso del *Pueblo* v. *Villarrubia,* 54 D.P.R. 346, en que se consideró la prueba suficiente en un caso de esta naturaleza, existía la admisión del acusado. La jurisprudencia quedó establecida como sigue:

"Evidencia de haberse ocupado un arma no registrada al acusado, unida a la admisión de éste de ser dueño de ella, basta para sostener una acusación por infracción a la Ley núm. 14 de 1936 ((2) pág. 129)."

Podrá quizá la sentencia de la corte de distrito ser la justa y procedente de acuerdo con la verdad absoluta, pero no lo es de conformidad con la evidencia ante ella practicada y en su consecuencia nuestro claro deber consiste en revocarla.

*Se declara el recurso con lugar, se revoca la sentencia y se absuelve al acusado.*