El Pueblo de Puerto Rico, demandante y apelado, *v.* Rafael C. Irizarry, acusado y apelante.

Núm. 9040.—*Sometido:* Diciembre 16, 1941. *Resuelto:* Febrero 19, 1942.

*Enrique Igaravídez*, abogado del apelante; *Hon. Procurador General George A. Malcolm, R. A. Gómez, Fiscal del Tribunal Supremo* y *Luis Negrón Fernández, Fiscal Auxiliar*, abogados de El Pueblo, apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Gloria Antommattei, vecina de Humacao, en agosto 26, 1940, denunció ante la corte municipal a su esposo Rafael C. Irizarry por haber abandonado a sus tres menores hijas habidas en su matrimonio, dejando maliciosamente y sin excusa legal de proveerles del indispensable alimento, vestuario y asistencia médica desde hacía más de seis meses.

Fué la causa en apelación a la corte del distrito y el primer documento que se encuentra en los autos después de la denuncia es una moción de sobreseimiento y archivo presentada por el acusado en marzo 28, 1941, día señalado para la vista.

En ella se alega que los autos se radicaron en la corte en octubre 15, 1940; que la vista se señaló en marzo 13 para verse en marzo 28, 1941; que el acusado no había solicitado ni consentido suspensión alguna y que en su consecuencia, habiendo transcurrido más de 120 días entre la radicación y la fecha señalada para el juicio, se había violado el derecho constitucional del acusado a un juicio rápido y procedía el sobreseimiento de la causa de acuerdo con el inciso 2 del artículo 448 del Código de Enjuiciamiento Criminal.

Al comenzar el juicio se discutió la moción y fué declarada sin lugar, por tardía. Manifestó el acusado entonces que no se encontraba en condiciones para someterse a juicio por habérsele citado con sólo dos días de antelación y "la corte no estando el acusado preparado para juicio," transfirió la vista para el 12 de abril próximo, quedando citadas las partes.

Sigue otra moción de sobreseimiento y archivo fechada en San Juan para Humacao el 15 de abril y radicada el 17, en la que se reproducen los hechos consignados en la primera, se hace referencia a lo ocurrido en marzo 28, 1941 y se agrega que el 11 de abril por la noche el acusado recibió el siguiente telegrama del márshal de la corte: "Sírvase no comparecer corte día 12 y sí 18 del corriente." Consta radicada el 18 de abril una oposición escrita del fiscal. De ella transcribiremos el párrafo que sigue:

"De lo expuesto, que aparece de los autos los cuales hacemos formar parte de esta moción aparece que el acusado en 28 de marzo de 1941 pidió la suspensión de su juicio. Al pedir esta suspensión el acusado renunció retrospectivamente a cualquier derecho a juicio rápido que hasta ese momento tuviera (*Garcés* v. *Corte*, 55 D.P.R. 336, que explica el alcance de *Pueblo* v. *Cepeda*, 31 D.P.R. 489) y se colocó fuera de los términos del párrafo 2 del artículo 448 del Código de Enjuiciamiento Criminal (*Morales* v. *Corte*, 55 D.P.R. 886, párrafo segundo de la página 888). Y no habiendo transcurrido desde entonces sólo 21 días, su derecho constitucional a´un juicio rápido no ha sido afectado."

Llamada nuevamente la causa para juicio el 18 de abril de 1941, comparecieron las partes y fueron oídas sobre la moción que se declaró sin lugar. Presentó el Pueblo su evidencia y el acusado una moción de *nonsuit* que fué desestimada. Introdujo entonces su prueba y la corte lo declaró culpable de un delito de abandono de menores y lo condenó a pagar $100 de multa y en defecto de pago a cumplir noventa días de cárcel, dejando en suspenso su sentencia siempre que el acusado solucionara dentro del plazo de una semana

la cuestión de la pensión alimenticia no satisfecha y continuara pasando a sus legítimas hijas Ivette, Wanda y Carmen Gloria, para alimentos, $10 mensuales a cada una.

No conforme el acusado, interpuso el presente recurso de apelación, señalando cuatro errores como cometidos por la corte sentenciadora al negarse a sobreseer la causa, al rechazar cierta prueba, al condenarlo basado en una sola declaración contradictoria e increíble y al desestimar su moción de nonsuit.

Examinemos el primer error. Como sabemos, la primera moción de sobreseimiento fué declarada sin lugar, por tardía. La regla de la corte está sostenida por lo menos por tres decisiones de este tribunal.

En el caso de *Pueblo* v. *Ortiz*, 46 D.P.R. 1, 2, se dijo: "La moción se presentó no antes sino en el acto del juicio y por lo tanto tardíamente."

Poco después, en el de *Pueblo* v. *Díaz*, 48 D.P.R. 455, 457, la corte se expresó así: "El apelante solicitó que la denuncia fuera sobreseída y archivada por no haberse celebrado el juicio dentro de los 120 días siguientes a la radicación de la misma y la negativa de la corte se alega como error. Esa solicitud fué presentada el día del juicio y ya hemos resuelto en varias ocasiones que debe ser hecha antes del juicio."

La tercera decisión lo fué en el caso de *Pueblo* v. *Cardona*, 58 D.P.R. 627, 630, y en ella se dijo: "Como del estudio que hemos hecho de los autos nos parece que el primer error no existe, ya que la moción presentada el día antes y discutida al comenzarse el juicio era tardía, . . ."

Conviene advertir con respecto a esta última decisión que lo dicho sólo debe aplicarse cuando la moción presentada el día anterior lo fuere tan tarde o bajo tales circunstancias que equivalgan a la presentación en el día del juicio, y parece oportuno agregar que la jurisprudencia de esta corte encuentra apoyo en la de las cortes del continente de Estados cuya ley sobre la materia es igual o semejante a la nuestra. Véase 16 C. J. 444, pár. 802, nota 63.

■ En cuanto a la segunda moción, la jurisprudencia igualmente sostiene la actitud asumida por la corte sentenciadora al negarse a sobreseer la causa. Sabemos que decidida la primera moción en contra del apelante, éste manifestó que no estaba listo para juicio y la corte fijó otro día para celebrarlo. Aunque nada se hizo constar expresamente en los autos, no hay duda que ellos revelan que la posposición del juicio se hizo si no a ruego, para beneficio del apelante y éste la aceptó, y bajo esas circunstancias cabe concluir que renunció su derecho y se sometió para en lo sucesivo a la discreción de la corte. En el ejercicio de esa discreción no aparece que la corte cometiera abuso alguno.

Como se resolvió en *Morales* v. *Corte,* 55 D.P.R. 886, "pospuesto el juicio de una causa a petición del acusado, la cuestión de sobreseimiento por demoras posteriores, cae dentro de la discreción de la corte inferior."

■ El segundo error se formula como sigue: "Erró el juez de la corte inferior al rechazar prueba del acusado sobre estado de procedimientos en que la corte de distrito en acción civil estaba interviniendo sobre fijación de pensión alimenticia." La evidencia presentada y rechazada por inmaterial consistió en copia certificada de una moción jurada de la denunciante Gloria Antommattei archivada en el pleito sobre divorcio seguido contra ella por su esposo en la Corte de Distrito de San Juan. La moción se titula "Sobre *litis expensa,* fijación de domicilio y cuidado provisional de los hijos," y se juró en septiembre 14, 1939. De ella aparece que sólo la más pequeña de las cuatro hijas del matrimonio vivía entonces con la madre. A la fecha en que se expidió la certificación—octubre 11, 1940—la moción no había sido vista ni resuelta por la Corte de Distrito de San Juan.

La certificación, según la defensa, tenía el propósito de contribuir a demostrar que la denunciante abandonó el

camino legal a seguir y se apoderó por sí misma de las otras hijas con el propósito de iniciar esta causa contra su marido.

Creemos que la corte no cometió el error que se le atribuye, porque, como ella misma expresó, aceptando que el acusado pudiera demostrar que era cierto lo que indicaba, esto es, que la madre se apoderó por sí misma de las hijas sin esperar la resolución de la corte en el caso de divorcio, ello no constituía justificación de su conducta al abandonar a sus hijas, dejando de proveerles el indispensable alimento, vestuario, educación y asistencia médica por varios meses.

■ Los errores tercero y cuarto pueden y deben estudiarse y resolverse conjuntamente por referirse ambos al peso de la prueba.

Es cierto que sólo se presentó como evidencia de cargo la declaración de la denunciante, pero ya esta corte ha resuelto—*Pueblo* v. *De Jesús,* 57 D.P.R. 708—que en casos de abandono de menores la ley no exige que la declaración de la madre denunciante sea corroborada, bastando su sola declaración, de ser creída, para condenar.

■■ Hemos leído cuidadosamente dicha declaración y la encontramos suficiente y merecedora de crédito. Pone de manifiesto un temperamento nervioso. Pueden observarse en ella ciertas contradicciones, que se explican luego satisfactoriamente, y hay en ella momentos de pasión y de encono. Pero todo eso es conforme a la naturaleza del pleito y no daña la credibilidad del testimonio.

La evidencia que aportó el acusado revela que atendió a sus hijas en otro tiempo, pero no a las tres que estaban con la madre en la época a que se refiere la denuncia y no expresa satisfactoriamente que estuviera realmente imposibilitado de cumplir su obligación.

Pone de manifiesto esa evidencia más que el interés del padre por sus hijas, el de sus hermanas que parecen ser personas inteligentes y responsables que han tratado de hacer cuanto han podido en beneficio de sus sobrinas.

Éste es uno de tantos casos desgraciados en que los padres, ambos, no se dan cuenta del mal que hacen a sus hijos con sus antagonismos. Los hijos crecen nerviosos, entristecidos quizá para el resto de sus vidas, porque cada uno de los padres cree que el otro es el culpable, cuando en verdad lo son los dos y ninguno tiene la grandeza de alma suficiente para ceder en beneficio de los hijos.

No está en nuestro poder evitar que eso suceda. Sólo nos toca decidir si la corte sentenciadora estuvo o no justificada al declarar probado que el padre dejó de proveer voluntariamente y sin excusa legal durante seis meses a sus tres hijas que vivían con la madre, del indispensable alimento, vestuario y asistencia médica—artículo 263 del Código Penal, ed. 1937—y el examen de los autos, por las razones que dejamos expuestas, nos lleva a concluir que lo estuvo, sin que cometiera ninguno de los errores que el apelante le atribuye. *Debe, en su consecuencia, declararse sin lugar el recurso y confirmarse la sentencia apelada.*

El Juez Asociado Sr. Snyder no intervino.