El Pueblo de Puerto Rico, demandante y apelado, *v.* Guillermo Díaz, acusado y apelante.

Núm. 9322.—*Sometido:* Abril 24, 1942. *Resuelto:* Junio 10, 1942.

*Gaspar Rivera Cestero*, abogado del apelante; *Hon. Procurador General George A. Malcolm, R. A. Gómez, Fiscal del Tribunal Supremo y Luis Negrón Fernández, Fiscal Auxiliar*, abogados de El Pueblo, apelado.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

La cuestión a resolver en este recurso es la de cuándo procede desestimar, por el solo hecho de ser tardía, una moción de sobreseimiento formulada por un acusado de acuerdo con el artículo 448 del Código de Enjuiciamiento Criminal.

Guillermo Díaz fué acusado por el fiscal del distrito de Bayamón de un delito de portar armas prohibidas. La acusación se radicó en febrero.14, 1941, y el juicio no se señaló hasta julio 23, 1941, en que lo fué para el 31 de dicho mes.

Llamada la causa en ese día, hallándose presentes el acusado en persona y por su abogado, y el Pueblo por su fiscal, el juez se expresó así:

"Hay una moción por haber transcurrido ciento veinte días. Esa moción se radicó el 30 de julio, ayer. De acuerdo con la última decisión de nuestro Tribunal Supremo, es tardía. Por esa razón, declara sin lugar la excepción perentoria."

Como puede verse, no se investigó si había existido justa causa para la dilación. El sobreseimiento se declaró sin lugar por el solo hecho de haberse presentado la moción el día

antes del juicio y ser, en su consecuencia, tardía, de acuerdo con lo resuelto por este tribunal.

El acusado por su abogado manifestó que conocía la decisión del Tribunal Supremo a que el juez se había referido —*Pueblo* v. *Cardona*, 58 D.P.R. 627, 630— pero entendiendo que el *dictum* de dicha decisión no había revocado el caso de *Garcés* v. *Corte*, 55 D.P.R. 932 y que su caso se distinguía del de Cardona, supra, debía tomar como tomó excepción de la resolución de la corte. El juicio siguió adelante y como resultado del mismo la corte declaró culpable al acusado y le impuso un mes de cárcel.

Apeló Díaz y el primero de los errores que señala es el cometido a su juicio por la corte sentenciadora al declarar sin lugar su moción de archivo y sobreseimiento. La argumentación del error es extensa y razonada. Exige una completa revisión de nuestras decisiones sobre el particular.

██ La ley que regula el derecho envuelto está contenida en el artículo 448 de nuestro Código de Enjuiciamiento Criminal, equivalente al 1382 de California, que lee así:

"Artículo 448.—A menos que exista justa causa contraria, el tribunal decretará el sobreseimiento del proceso en los casos siguientes:

"1. Cuando una persona haya sido detenida para responder por la comisión de un delito público, siempre que no se haya presentado acusación contra ella en el término de sesenta días desde su detención.

"2. Cuando un acusado, cuyo juicio no haya sido transferido a petición suya, no sea sometido a juicio en el término de ciento veinte días, a contar desde la presentación de la acusación."

La ley concreta el derecho a un juicio rápido que al acusado garantiza el párrafo segundo del artículo 2 de la Ley Orgánica e, interpretándola, dijo esta corte en *Dyer* v. *Rossy*, 23 D.P.R. 772, 782:

"De acuerdo con este artículo cuando no se demuestra justa causa, la corte está obligada perentoriamente a sobreseer la causa. Si no se demuestra justa causa creemos que la corte carece absolutamente de discreción. El derecho que tiene un hombre acusado de

un delito a la celebración del juicio dentro del término de ciento veinte días y el deber de la corte de sobreseer la causa a falta de tal juicio rápido son coextensivos. Cuando nada se demuestra la corte no tiene discreción para negarse a sobreseer la causa.''

Aplicada esa regla a los hechos de este caso, no puede llegarse a otra conclusión que no sea la de que la corte sentenciadora debió haber decretado el sobreseimiento.

Sin embargo, lo negó basándose en que la petición se presentó tardíamente. Invocó el caso de *Cardona,* supra, en el que esta corte dijo:

"Como del estudio que hemos hecho de los autos nos parece que el primer error no existe ya que la moción presentada el día antes y discutida al comenzarse el juicio era tardía, y hemos quedado por el contrario convencidos de que el segundo fué cometido, nos limitaremos a exponer las razones que tenemos para considerar la evidencia insuficiente.'' 58 D.P.R. 627, 630.

La conclusión no se razonó y fué limitada poco después en el caso del *Pueblo* v. *Irizarry,* 59 D.P.R. 947, 950, en el sentido de que sólo debía ''aplicarse cuando la moción presentada el día anterior lo fuere tan tarde o bajo tales circunstancias que equivalgan a la presentación en el día del juicio.''

En el caso del *Pueblo* v. *Díaz,* 48 D.P.R. 455, 457, se había resuelto que las mociones de sobreseimiento presentadas en el día del juicio eran tardías y por tanto que no estaba la corte obligada a considerarlas y podía desestimarlas por ese único motivo y desde entonces fué ésa la regla que predominó, culminando en el dictum del *Pueblo* v. *Cardona,* supra, limitado por la decisión del caso del *Pueblo* v. *Irizarry,* supra.

Ahondando más ahora en la propia jurisprudencia de este tribunal, encontramos el caso de *El Pueblo* v. *Ayala,* 19 D.P.R. 936, decidido en 1913, en el que se hace un estudio detenido del significado y alcance del artículo 448 del Código de Enjuiciamiento Criminal. La opinión de la corte fué emitida por el Juez Asociado Sr. MacLeary y, refiriéndose al

punto aquí debatido, o' sea al tiempo en que debe y puede presentarse la petición, se dice en ella:

"Con respecto al razonamiento del Fiscal, alegando que la moción de sobreseimiento fué presentada fuera de tiempo, diremos que habiendo sido presentada la expresada moción antes de que el jurado quedara constituído para juzgar el caso, estaba dentro de tiempo. Es cierto que generalmente las mociones deben presentarse en el acto de la lectura de la acusación o mejor todavía, inmediatamente después que vence el término fijado por la ley para la presentación de la acusación o la celebración del juicio, pero el demorar la presentación de su moción no quiere decir que el acusado pierda el derecho a presentarla en cualquier momento antes de la vista del caso. Si tal moción fuera presentada después del juicio o aun después que el jurado ha quedado constituído, entonces, de conformidad con la jurisprudencia establecida por la Corte Suprema de California, podrá considerarse que el acusado ha renunciado implícitamente su derecho. *El Pueblo* v. *Hawkins*, 127 Cal. 372.

"En cuanto a este particular el estatuto de California es enteramente semejante al nuestro, expresándose con las mismas palabras, excepto en aquellas en que hace referencia al tiempo que se concede para presentar la acusación. Para que pueda tenerse una idea más clara acerca del alcance que tiene el artículo 448 de nuestro Código Criminal, debemos hacer un extracto de una sentencia dictada por la Corte Suprema de California.

" 'El acusado fué declarado culpable ante la corte inferior de un delito de hurto y condenado a sufrir cuatro años de encarcelamiento en la prisión del Estado. Alega dicho acusado en apoyo de la apelación que ha establecido para ante este tribunal, que la corte inferior cometió error al desestimar una moción presentada por él para que se sobreseyera el caso. La moción de sobreseimiento se presentó por el fundamento de que no se le había concedido un juicio rápido. Se probó o quedó convenido en apoyo de su moción, que fué presentada la acusaci óón contra él, el día 7 de agosto de 1888; que se le leyó la acusación y presentó su alegación de no culpable en 12 de dicho mes y que jamás había hecho solicitud alguna para que se suspendiera la causa ni hubo tal suspensión a su favor o mediante solicitud presentada por él. La moción de sobreseimiento fué hecha el día 19 de marzo de 1889. El Estado no presentó prueba alguna ni trató de presentar ninguna razón suficiente que justificara la demora. La Constitución garantiza un juicio rápido y público a cada

persona acusada de un delito. (Constitución, artículo 1, párrafo 13.) La legislatura ha dispuesto lo que constituye un tiempo razonable dentro del cual ha de ser juzgado un acusado. El artículo 1382 del Código Penal dispone: "La corte, deberá ordenar el sobreseimiento de una causa a menos que se le presenten razones suficientes en sentido contrario, en los siguientes casos: 1. Cuando se detiene a una persona para que se defienda de un delito público por el cual se le acusa, si no se ha presentado una denuncia o acusación contra ella dentro de los treinta días siguientes; 2. Si un acusado cuyo juicio no ha sido suspendido a virtud de solicitud presentada por él, no se le juzga dentro de los sesenta días después que la acusación ha sido presentada contra él." La corte inferior, al negar la moción del acusado, se expresó como sigue: "La cuestión que usted plantea ha sido considerada por mí anteriormente y según la interpretación que doy a la ley, es discrecional y no de carácter imperativo, y presumiré que la corte estaba ocupada en la celebración de juicios de otras causas." Creemos que ésta no es una interpretación debida de la ley. La parte a quien se imputa un delito, tiene un derecho constitucional a que se celebre un juicio rápido y la corte no tiene facultad discrecional alguna para negarle un derecho tan importante o prolongar su prisión sin celebrar dicho juicio fuera del término dispuesto en la ley. El estatuto es imperativo. "La corte, a menos que le presente una buena razón en sentido contrario, debe ordenar el sobreseimiento de la causa." En el presente caso no se ha demostrado causa alguna que justifique la demora. Era suficiente para el acusado probar que el término fijado por el estatuto después de haber sido presentada la acusación había vencido y que el caso no había sido suspendido por solicitud de dicho acusado. Si había alguna razón suficiente para tenerle tanto tiempo sin que se celebrara el juicio, al fiscal le incumbía probarla. La corte no podía presumirla. Según los hechos han sido alegados, debió haberse sobreseído el caso y se cometió error al negar la moción. Con respecto a lo que significa un juicio rápido, no tomando en consideración nuestro estatuto, véase el caso de *Nixon* v. *State,* 41 Am. Dec. 601 y la nota 604. Con arreglo a un estatuto semejante al nuestro, de Kansas, se declaró que un acusado tenía derecho a que se le pusiera en libertad mediante auto de hábeas corpus por no haber sido celebrado el juicio que contra él se seguía de acuerdo con el estatuto. (*In re McMicken,* 39 Kan. 406.)' *People* v. *Morino,* 85 Cal. 516, 517." *El Pueblo* v. *Ayala,* 19 D.P.R. 936, 943.

No es que no puedan encontrarse motivos para sostener nuestra última jurisprudencia. Véase la anotación al caso de *Pietch* v. *United States,* 110 F. (2d) 817, en 129 A.L.R. 572 a 596. Pero la primera nos parece tan clara y bien razonada, que debe volverse a ella como norma a seguir en nuestras cortes de distrito, con tanta más razón cuanto que es la que rige en California donde el estatuto es igual al nuestro, excepción hecha de los términos que fija que son mucho más breves.

En tal virtud la decisión de esta corte en el caso del *Pueblo* v. *Díaz,* 48 D.P.R. 455 y todas las posteriores que la siguen, inclusas, por supuesto, las del *Pueblo* v. *Cardona,* 58 D.P.R. 627 y *Pueblo* v. *Irizarry,* 59 D.P.R. 947, en tanto en cuanto se opongan a la del *Pueblo* v. *Ayala,* 19 D.P.R. 936, quedan derogadas, continuando en pie la jurisprudencia sobre la materia en los propios términos en que fué sentada en el repetido caso del *Pueblo* v. *Ayala,* supra, a saber:

"Es cierto que generalmente las mociones deben presentarse en el acto de la lectura de la acusación o mejor todavía, inmediatamente después que vence el término fijado por la ley para la presentación de la acusación o la celebración del juicio, pero el demorar la presentación de su moción no quiere decir que el acusado pierda el derecho a presentarla en cualquier momento antes de la vista del caso."

En *Gerardino et al.* v. *People of Porto Rico,* 29 F. (2d) 517, la Corte de Circuito de Apelaciones de los Estados Unidos para el Primer Circuito por medio del Juez Anderson, refiriéndose al párrafo segundo del art. 448 de nuestro Código de Enjuiciamiento Criminal, dijo:

"Se hace énfasis ahora en que este estatuto de Puerto Rico es hasta tal punto una definición obligatoria del término 'rápido', conforme se usa éste en la Carta Orgánica, que requiere el sobrescimiento, por parte de esta corte, de estos casos en los cuales el juicio se celebró 143 días después de haberse declarado con lugar la moción de suspensión. Hay varias contestaciones categóricas a este aserto:

"Si bien esta definición legislativa merece una imparcial consideración, no tiene esta corte sin embargo que acatarla imperativa-

mente. Queda completamente a su discreción el sostener que 120 días es un término bien demasiado largo o demasiado corto para caer dentro del razonable significado de 'rápido.'"

Ese criterio se aparta en cierto modo del rígido que informa la jurisprudencia del *Pueblo* v. *Ayala,* supra, pero puede considerarse *obiter dicta,* ya que la decisión del caso se basó en sus méritos, apreciados como sigue:

"Si nos regimos por el Código de Puerto Rico, tendremos que darle todo su alcance a la disposición, supra, que el juicio no había sido pospuesto a solicitud del acusado. Pero este juicio fué suspendido a moción del acusado; y no aparece que ellos no solicitaran la suspensión que tuvo como resultado la celebración del juicio dentro de 120 días contados desde que terminó la suspensión solicitada y obtenida. Por inferencia, después de lograr la tardanza, ellos nunca, de ahí en adelante, solicitaron la celebración del juicio.

"Más aún, el juicio, de acuerdo con este código, debe ordenarse dentro de 120 días, 'a menos que exista justa causa contraria.'

"Este récord revela que una vez concedida la suspensión, la corte sentenciadora se dedicó diligentemente a juzgar otros casos. No podemos afirmar que no se demostró justa causa para la tardanza ocurrida.

"Surge por tanto, que no aparece de dicho récord que a estos apelantes se les haya privado el pleno disfrute de sus derechos a la luz de la definición del Código de Puerto Rico de lo que constituye un 'juicio rápido.'

"Los casos citados y en los cuales se basan, no son, de acuerdo con este récord, aplicables; no es necesario que los discutamos. *Pueblo* v. *Cepeda,* 31 D.P.R. 489; *Rodríguez* v. *Crosas,* 27 D.P.R. 845; *People* v. *Morino,* 85 Cal. 515, 24 P. 892.''

Al restablecer la antigua jurisprudencia, parece conveniente recordar lo dicho en *Garcés* v. *Corte:*

"Se comprende que una corte de distrito tenga tantos asuntos que aunque trabaje activamente no pueda en algunas ocasiones verlos dentro de los ciento veinte días, pero no se explica que una corte no pueda señalar la vista de las causas pendientes ante ella y listas para señalarse, con bastante antelación al vencimiento del término. Si el señalamiento se hace de tal modo y el derecho al juicio rápido no se reclama razonablemente antes de que venza el término, queda-

ría renunciado. Si se reclama, surgiría la oportunidad de hacer cuanto fuera posible por adelantar el señalamiento. No siéndolo, quedaría demostrada la justa causa para ello que prevé la propia ley y en caso de solicitarse el sobreseimiento estaría perfectamente justificada la corte en denegarlo." *Garcés* v. *Corte,* 55 D.P.R. 932, 934.

Cuando leída una acusación, procede el juicio, o cuando los autos de una apelación se radican, debe tomarse acción inmediata a los fines de señalar la vista lo antes posible. Si en verdad todo el término está tomado por señalamientos previos, la vista puede fijarse para fuera de él, y si el acusado no objeta, renuncia a su derecho a que su causa se vea dentro del término fijado por la ley. Como se resolvió por esta propia Corte en *Pueblo* v. *Ortiz,* 51 D.P.R. 379, copiando del resumen,

"El derecho al sobreseimiento de la causa o del proceso que otorga el artículo 448 del Código de Enjuiciamiento Criminal es renunciable expresa o implícitamente.

"Cuando el juicio se señala dentro del término de 120 días y, citado el acusado, no objeta inmediatamente a que el mismo se fijara para después del término, con ello renuncia implícitamente su derecho al sobreseimiento y no puede invocarlo luego de transcurridos los 120 días mencionados."

Repetimos que no comprendemos cómo pueden llegar a esta Corte tantos casos por violación del artículo 448 del Código de Enjuiciamiento Criminal. Los términos fijados son lo suficientemente amplios para cumplir sin dificultad con la ley, si los jueces y secretarios de las cortes de distrito adoptan un plan regular de trabajo y lo ponen en práctica de modo diligente.

*En atención a todo lo expuesto la causa deberá volver a la corte de distrito de su origen para que la petición de sobrescimiento y archivo sea oída, y si no se demostrare que hubo justa causa para la dilación, se declare con lugar. Para ello la sentencia apelada tendrá que revocarse, debiendo el juicio, en su caso, celebrarse de nuevo.*