El Pueblo de Puerto Rico, demandante y apelado, *v.* Máximo de Jesús, acusado y apelante.

Núm. 10464.—*Sometido:* Mayo 8, 1944.  *Resuelto:* Junio 2, 1944.

*Juan Nevares Santiago,* abogado del apelante; *R. A. Gómez, Fiscal del Tribunal Supremo* y *Luis Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

El Juez Presidente Señor Travieso emitió la opinión del tribunal.

En el mes de enero de 1943 se radicó ante la Corte de Distrito de Humacao una acusación contra Máximo de Jesús, imputándole la comisión de un delito de falsificación.  Del récord no aparece la fecha en que se celebrara la lectura de

la acusación. Sí aparece que el abogado de récord era el Lic. J. Nevares Santiago.

En diciembre 10 de 1943, la corte inferior dictó la siguiente resolución:

"Por Cuanto: De acuerdo con la última jurisprudencia dictada por nuestro más alto tribunal, las mociones de archivo y sobreseimiento basadas en el art. 448 del vigente Código de Enjuiciamiento Criminal, pueden plantearse por el acusado el mismo día del juicio; Por Cuanto: El trabajo de esta Corte es excesivo, especialmente en lo penal y debido principalmente a un sinnúmero de casos criminales, entre los cuales figura el de epígrafe, que desde hace varios años se vienen arrastrando para juicio con los casos nuevos que ingresan constantemente en la Secretaría de esta Corte, por cuya razón muchos de ellos, aún no han podido verse en sus méritos, y los mismos son susceptibles de archivo a virtud de lo dispuesto en el art. 448 del vigente Código de Enj. Criminal; Por Cuanto: En ninguno de estos casos hasta la fecha aparecen radicadas mociones de archivo por los acusados o sus abogados, y de hacerse señalamiento alguno para juicio implicaría gastos excesivos en las citaciones de jurados y testigos, sin resultado práctico alguno, por tener el acusado el derecho de pedir el archivo y sobreseimiento el mismo día del juicio; Por Tanto: La Corte entiende en bien de la justicia que debe señalar y por la presente señala el día 24 de enero de 1944, a las nueve de la mañana, para que el acusado en este caso y su abogado de récord, que lo es el Lcdo. J. Nevares Santiago, comparezcan en dicho día a esta Corte a informar a la misma, (a) si tiene o no abogado que lo represente en su causa; (b) si interesa o no, a tenor del derecho que le concede el art. 448 del vigente Código de Enjuiciamiento Criminal el archivo y sobreseimiento de su causa, sin perjuicio de que el fiscal radique nueva acusación en los casos en que proceda ésta; (c) si por falta de recursos para contratar los servicios de un abogado en su defensa interesa que la Corte nombre uno de oficio, con apercibimiento de que el acusado que dejare de comparecer a este señalamiento podrá ser procesado por desacato, y, además la Corte, ipso facto, en bien de la justicia, ordenará el archivo y sobreseimiento de su causa a tenor con el art. 448 del texto legal antes citado sin más citarlo ni oírlo, ordenando al Fiscal que proceda a redicar nueva acusación en aquellos casos que proceda."

Llegado el 24 de enero de 1944, día señalado para la comparecencia del acusado, ni éste ni su abogado comparecieron a solicitar el sobreseimiento y archivo del caso. El fiscal informó a la corte que había sido notificado con copia de una moción solicitando el archivo; y el Secretario de la Corte hizo constar que dicha moción fué devuelta por no haberse satisfecho el derecho forense. Acto seguido la Corte ordenó el arresto del acusado, fijándole una fianza de mil dólares, y señaló el 31 del mismo mes para que el acusado compareciera a mostrar causas por las cuales no debía ser procesado por desacato.

El día señalado para la comparecencia, el abogado del acusado alegó que su defendido no estaba obligado a comparecer a los efectos del sobreseimiento y archivo del caso. Sostuvo el fiscal, en contrario, que habiendo sido citado para comparecer "a un acto legal de su caso", el acusado debió acatar la orden. La corte declaró al acusado culpable de desacato y le impuso una multa de $10 o diez días de cárcel. El acusado interpuso el presente recurso. Para sostenerlo, alega que la corte inferior no tenía facultad para obligarle a comparecer ante ella par los fines indicados en la resolución de diciembre 3 de 1943. Si la corte tiene o carece de esa facultad es la única cuestión a resolver.

De acuerdo con el artículo 448 del Código de Enjuiciamiento Criminal, un acusado que no hubiere sido sometido a juicio en el término de ciento veinte días, a contar desde la presentación de la acusación, tiene derecho a solicitar el sobreseimeinto del proceso, a menos que el juicio haya sido transferido a petición suya o por causa justificada. Ese es un derecho que la ley concede al acusado y que éste puede ejercitar en cualquier momento antes de la celebración del juicio. *Pueblo* v. *Díaz,* 60 D.P.R. 540. La ley no fija término para el ejercicio de ese derecho. Y no conocemos precepto legal alguno que autorice a una corte de distrito ante la cual esté pendiente una causa criminal, para hacer com-

parecer ante ella al acusado con el propósito de obligarle a informal al tribunal si se propone solicitar el sobreseimiento y archivo del proceso. Ningún acusado puede ser obligado a descubrir antes del juicio su plan de defensa.

Son las cortes de distrito las que tienen la obligación de velar porque el derecho de los acusados a un juicio rápido no sea ignorado o infringido. Todo acusado tiene derecho, de acuerdo con el citado artículo 448, a que la causa contra él incoada sea llevada a juicio dentro de los ciento veinte días siguientes a la fecha en que se presentó la acusación. Como ninguna ley puede tender hacia el absurdo ni pretender lo imposible, el mismo estatuto provee que si el acusado hiciere imposible que el juicio se celebrara dentro de los ciento veinte días, por haber solicitado su posposición, o si existió justa causa para la dilación, entonces no procederá el sobreseimiento del proceso.

La preparación de un calendario de causas criminales, siguiendo estrictamente el orden cronológico en que fueron presentadas las acusaciones, y la lectura de ese calendario en un día determinado de cada mes con el propósito de señalar todos aquellos casos en que los acusados manifiesten estar listos para juicio, evitaría las tácticas dilatorias a que a menudo recurren los acusados con el propósito de posponer indefinidamente la celebración del juicio y colocaría a la corte en condiciones para poder determinar en cualquier momento si hubo o no hubo causa justa y suficiente para que el juicio de un caso determinado no pudiera celebrarse dentro del término de ciento veinte días. Lo que se requiere de las cortes es una demostración de actividad y diligencia en la tramitación y movimiento de las causas criminales ante ellas pendientes. Es su deber celebrar los juicios dentro del término legal o mostrar, al ser requeridas para ello, causas justas y suficientes para excusar la dilación. Repetimos que ninguna corte está obligada a hacer lo imposible. Si se demuestra que una causa determinada no pudo

ser llevada a juicio dentro del término estatutario, por razón de que otras causas más antiguas consumieron todo el tiempo disponible para la celebración de juicios, pero que el señalamiento de esa causa se hizo dentro del término de ciento veinte días, para la fecha más temprana disponible, se habrá demostrado que hubo justa causa para la dilación y que la corte actuó con el debido celo y diligencia en el despacho de sus asuntos. Lo inexcusable, por ser a nuestro juicio fácilmente evitable, es que se permita que las causas criminales permanezcan dormidas por meses y años en los archivos de las cortes, sin dar paso alguno para llevarlas a juicio o para hacer un récord demostrativo de las causas por las cuales se privó a los acusados del juicio rápido a que tienen derecho.

Nada hubiera perdido el acusado si su abogado, actuando con la cortesía que los abogados deben tener para las cortes, de las cuales son funcionarios, hubiese comparecido el día señalado por la corte y expuesto las razones por las cuales su representado no estaba obligado a cumplir con lo ordenado en la resolución. Si así lo hubiese hecho, seguramente la corte se habría convencido de su error y el procedimiento de desacato se hubiese evitado.

Aun cuando la corte inferior tenía jurisdicción sobre la causa y sobre la persona del acusado, opinamos que se excedió en su autoridad al dictar la resolución con el propósito de obligar al acusado a decidir si iba o no a ejercitar el derecho que le concede la ley.

*La sentencia recurrida debe ser revocada.*