El Pueblo de Puerto Rico, demandante y apelado, *v.*
Rufo Rotger, acusado y apelante.

Núm. 7689.—*Sometido:* Junio 6, 1939. *Resuelto:* Junio 15, 1939.

*Francisco González Fagundo,* abogado del apelante; *R. A. Gómez, Fiscal,* y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

La Corte de Distrito de Humacao sentenció al apelante por el delito de abandono de menores, consistente en que "ilegal, voluntaria y maliciosamente y con la intención de perjudicar a la vida de su hija Mérida Pérez, de seis años de edad, tenida con la denunciante, la abandonó y sin excusa legal dejó de cumplir con las obligaciones que la ley le impone de proveerle de su indispensable alimento, vestuario, asistencia médica y protección."

Apeló el acusado para ante este tribunal señalando los siguientes errores que sostiene fueron cometidos por la corte inferior:

"*Primero:* La corte cometió error por infracción del artículo 263 del Código Penal vigente.

"*Segundo:* La corte cometió error por infracción del artículo 125 del Código Civil, edición de 1930.

"*Tercero:* La corte cometió error por infracción de los artículos 249 y 250 del Código Civil.

"*Cuarto:* La corte cometió error toda vez que la prueba presentada no es suficiente para sostener la sentencia."

140

■ En cuanto a los tres primeros señalamientos de error, basta referirnos a los casos de *Pueblo* v. *Rohena,* 52 D.P.R. 313 y *Pueblo* v. *López,* 54 D.P.R. 294, en el último de los cuales se dijo:

"No hay duda de que la palabra reconocidos usada por el legislador en relación con el hijo ilegítimo en la ley penal—artículo 263 del Código Penal ed. 1937—lo fué por inadvertencia. Pero partiendo de la base de su existencia entendemos que significa que sólo se comete el delito cuando lo es por un padre que pudiendo deja de alimentar a hijos ilegítimos que ha tenido pública o privadamente como tales o que por ser sus hijos en realidad de verdad se hubiera visto obligado a reconocer si concurriera en ellos la condición de naturales, y dando a lo prescrito en el Código Civil—artículo 129—una interpretación razonable, en armonía con la enmienda legislativa de la ley penal de 1931 (Ley núm 35 de 1931, pág. 353), entendemos que la sentencia dictada en un proceso criminal a que se refiere puede ser la que se dicte dentro del proceso criminal que por abandono del hijo ilegítimo se siga como se siguió en este caso.

"*Si se demuestra en él fuera de duda razonable que el padre sabía que el menor era su hijo o que lo había tenido como tal y por consiguiente como tal debía reconocerlo o lo había reconocido y que eso no obstante voluntariamente y sin excusa legal había dejado de cumplir las obligaciones que la ley le impone de proveerle del indispensable alimento, vestuario o asistencia médica, debe ser condenado aunque no se presente el documento a que se refiere el párrafo segundo o la sentencia dictada en pleito civil de que habla el párrafo primero del artículo 129 del Código Civil tantas veces citado.*

"Dentro del estado actual de nuestro Derecho, la sentencia dictada en proceso criminal a que se refiere el repetido artículo no puede ser otra que la que se dicte en la causa criminal por abandono donde todos los hechos esenciales pueden quedar debidamente establecidos. La obligación del padre surge del hecho sustancial de serlo. Probado en debida forma que lo es y que siéndolo dejó de cumplir su obligación en la manera que la ley penal establece, el delito debe entenderse cometido." (Bastardillas nuestras.)

■ Ahora bien, ¿se probó fuera de toda duda razonable que el apelante sabía que la menor Mérida Pérez era su hija? La única prueba que se presentó sobre ese extremo consistió

en la declaración de la madre denunciante, de la que resulta que ella vivió con el acusado como un año, sin poder precisar cuándo empezó a vivir con él. Al preguntársele qué tiempo antes de nacer la niña vivió con el acusado, contestó:

"Seguramente tenía que vivir con él."

Insistió nuevamente el fiscal en la misma pregunta, contestando entonces:

"Como dos o tres meses antes de nacer la niña."

No resulta de la declaración de esta testigo que el acusado considerase a la niña como hija suya ni en público ni en privado, pues el hecho de que la hubiera ayudado o atendido por dos o tres meses y luego se retirase, como declaró la denunciante, no implica necesariamente que al ayudar a la niña lo hiciera movido por su relación de padre.

No apareciendo de la prueba que al tiempo de la concepción de la niña el acusado viviera en concubinato con la denunciante, ni apareciendo tampoco que en fecha determinada comprendida dentro del período de gestación hubiesen tenido ellos relaciones sexuales, tenemos que convenir con el fiscal de este tribunal que la prueba no demuestra más allá de duda razonable la paternidad de la niña en el apelante. La declaración de la denunciante es perfectamente compatible con la existencia de relaciones iniciadas después de la concepción de la niña.

Existe, a nuestro juicio, el cuarto de los errores señalados. *Procede, por consiguiente, la revocación de la sentencia apelada.*

El Juez Asociado Sr. Wolf está conforme con el resultado.*

---

* NOTA: Véase el prefacio.