El Pueblo de Puerto Rico, demandante y apelado, *v.* Taurino de Jesús, acusado y apelante.

Núm. 8310.—*Sometido:* Diciembre 4, 1940. *Resuelto:* Diciembre 9, 1940.

*Herminio Miranda,* abogado del apelante; *Hon. Procurador General George A. Malcolm* y *R. A. Gómez, Fiscal del Tribunal Supremo,* abogados de El Pueblo, apelado.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

Este recurso se estableció contra una sentencia por abandono de menores. Aunque declararon varios testigos, la única evidencia que tiende a sostener la denuncia es la

de la madre del niño que se alega abandonado. Con respecto a esta prueba el apelante alega que es insuficiente y que la corte, al apreciarla, actuó movida por "error, prejuicio y pasión." Invoca el apelante el caso de *Pueblo* v. *Rotger,* 55 D.P.R. 139. El fiscal de este tribunal, tanto en su informe escrito como en el oral el día de la vista, opinó como el apelante que la prueba era insuficiente a la luz de la jurisprudencia establecida en el citado caso de *Pueblo* v. *Rotger*, y solicitó del tribunal la revocación de la sentencia y la absolución del acusado. El testimonio de la madre denunciante podemos resumirlo así:

Que el acusado es el padre de su hijo; "que se quiso con él" por espacio de seis meses; que ella no vivía con el acusado, pero cuando ella iba a buscar trabajo y cuando se lo entregaban, iba a la casa del acusado; que él la desgració al lado de la casa de él; que el acusado niega que el niño sea su hijo y nunca lo ha tenido como tal, pero ella asegura que él es su padre; que nunca ha "tenido que ver con otro hombre más que con él"; que durante los seis meses en que se quiso con el acusado, no vivió bajo techo con él, pero sostenían ocasionalmente relaciones sexuales.

El resto de la prueba de cargo, si bien no corrobora la declaración de la madre, tampoco la controvierte en forma alguna. El acusado se abstuvo de presentar evidencia. Aunque la madre de la denunciante declaró también que el acusado era el padre del niño, de su propia declaración resultó que ese conocimiento procedía de lo que le informara su hija, sin que las circunstancias concurrentes justificasen la admisión de su testimonio como parte del *res gestae*. Es por ese motivo que prescindiremos de su declaración y que nos limitaremos exclusivamente a la de la denunciante, no obstante haber expresado el juez sentenciador que las dos testigos habían dicho la verdad.

No exige la ley, en caso de abandono de menores, que la declaración de la denunciante sea corroborada. Siendo ello así, son de aplicación los artículos 13 y 18 de la Ley

de Evidencia (arts. 375 y 380 del Código de Enjuiciamiento Civil, ed. 1933), que prescriben:

"Art. 375. Estímase satisfactoria la evidencia que ordinariamente produce la certeza o convicción moral en una conciencia exenta de preocupación. Basta tal evidencia para justificar un veredicto o fallo.

"Art. 380. La evidencia directa de un testigo que merezca entero crédito, es prueba suficiente de cualquier hecho, salvo perjurio o traición."

██ El juez sentenciador, que tuvo la oportunidad de que no disponemos nosotros de ver y oír declarar a la denunciante, de apreciar sus gestos, la inflexión de su voz, la expresión de su mirada, la seguridad y firmeza con que hiciera sus acusaciones, probablemente cara a cara con el acusado, imputándole haberla privado de su virginidad y ser el padre de su hijo, asegurando además que nunca ha tenido relaciones con otro hombre, el juez, repetimos, creyó que ella decía la verdad, siendo tan fuerte la impresión que en su ánimo produjeran sus palabras que, a pesar de creer él, equivocadamente, desde luego, que la revocación de la sentencia por este tribunal podría perjudicar su reputación de juzgador, asume el supuesto riesgo y dejando oír la voz de su conciencia se expresa en los siguientes términos:

"Quiero que se haga constar lo que voy a decir. Éste es un caso en que se presenta una prueba débil y puede ser que esta sentencia la vayan a revocar, pero esas dos mujeres que declararon aquí a mi entender han dicho la verdad; la muchacha ha dicho la verdad y no quiero tener ese cargo de conciencia, que creyendo que han dicho la verdad de que el acusado es padre de ese chiquito y de que no le pasa nada, contribuir yo a eso. Aunque esta sentencia la puedan revocar, la corte lo declara culpable y le impone dos meses de cárcel, pero si le pasa un peso semanal suspende la sentencia para que pueda permanecer en libertad. Para algo está el Art. 18 de la Ley de Evidencia." (T. de E., pág. 7.)

Es verdad que el juez empieza por decir que "éste es un caso en que se presenta una prueba débil," pero no deben

interpretarse sus palabras aisladamente del resto del párrafo, como expresivas de duda sobre la culpabilidad del acusado. La idea que en aquellos momentos existía en la mente del juez, era la circunstancia de la falta de corroboración, pero ello no obstante, él dió absoluto crédito a la declaración de la denunciante, demostrando así que no abrigaba la duda razonable que necesariamente hubiera producido la absolución del acusado. Examinemos ahora nuestra decisión en el caso de *El Pueblo* v. *Rotger,* supra, que tanto la defensa como el fiscal invocan en apoyo de la revocación de la sentencia. Dijimos entonces:

"Ahora bien, ¿se probó fuera de toda duda razonable que el apelante sabía que la menor Mérida Pérez era su hija? La única prueba que se presentó sobre ese extremo consistió en la declaración de la madre denunciante, de la que resulta que ella vivió con el acusado como un año, sin poder precisar cuándo empezó a vivir con él. Al preguntársele qué tiempo antes de nacer la niña vivió con el acusado, contestó:

" 'Seguramente tenía que vivir con él.'

"Insistió nuevamente el fiscal en la misma pregunta, contestando entonces:

" 'Como dos o tres meses antes de nacer la niña.'

"No resulta de la declaración de esta testigo que el acusado considerase a la niña como hija suya ni en público ni en privado, pues el hecho de que la hubiera ayudado o atendido por dos o tres meses y luego se retirase, como declaró la denunciante, no implica necesariamente que al ayudar a la niña lo hiciera movido por su relación de padre.

"No apareciendo de la prueba que al tiempo de la concepción de la niña el acusado viviera en concubinato con la denunciante, ni apareciendo tampoco que en fecha determinada comprendida dentro del período de gestación hubiesen tenido ellos relaciones sexuales, tenemos que convenir con el fiscal de este tribunal que la prueba no demuestra más allá de duda razonable la paternidad de la niña en el apelante. La declaración de la denunciante es perfectamente compatible con la existencia de relaciones iniciadas después de la concepción de la niña.

"Existe, a nuestro juicio, el cuarto de los errores señalados, procede, por consiguiente, la revocación de la sentencia apelada."

De lo anteriormente transcrito resulta que la razón por la cual este tribunal revocó la sentencia contra Rotger, fué el hecho de que la prueba de cargo no excluía la posibilidad de que fuese otro hombre y no el acusado el padre de la niña que se alegaba abandonada. Declaró en aquel caso la madre, que vivió por espacio de un año con el acusado, pero no precisa cuándo empezó a vivir con él. Contestó evasivamente primero, para después admitir que vivió con el acusado dos o tres meses antes de nacer la niña; pero en ningún momento dijo cuándo habían empezado ellos sus relaciones. Fué ese defecto en la prueba lo que motivó la revocación de la sentencia, condensándose el pensamiento de este tribunal en el siguiente párrafo de la opinión:

"No apareciendo de la prueba que al tiempo de la concepción de la niña el acusado viviera en concubinato con la denunciante, *ni apareciendo tampoco que en fecha determinada comprendida dentro del período de gestación hubiesen tenido ellos relaciones sexuales, tenemos que convenir con el fiscal de este tribunal que la prueba no demuestra más allá de duda razonable la paternidad de la niña en el apelante.* La declaración de la denunciante es perfectamente compatible con la existencia de relaciones iniciadas después de la concepción de la niña." (Bastardillas nuestras.)

En el presente caso, como hemos visto, no existe ese defecto en la prueba. Por el contrario, la declaración de la denunciante, de ser creída como lo fué, demuestra que el acusado y no otro hombre es el padre del niño. Se dirá que es peligroso basar una sentencia en la sola declaración de la denunciante, pero además de que de exigir en estos casos tal corroboración estaríamos intercalando en la ley lo que el legislador no ha creído prudente intercalar, como lo ha hecho entre otros con los delitos de seducción y violación, nada priva al acusado de presentar prueba que destruya la del Pueblo, o por lo menos haga surgir la duda razonable en la mente del juzgador.

Nada encontramos en el récord que tienda a demostrar pasión, prejuicio o parcialidad por parte del juez inferior,

y no resultando tampoco que incurriera en manifiesto error en la apreciación de la prueba, *procede desestimar el recurso y confirmar la sentencia apelada.*