EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* CAYETANO CÁCERES, acusado y apelante.

Núm. 10,951.—*Sometido:* Noviembre 8, 1945. *Resuelto:* Noviembre 14, 1945.

*Celestino Iriarte y Rafael A. González,* abogados del apelante; *Hon. Procurador General E. Campos Del Toro, L. Negrón Fernández, Procurador General Auxiliar,* y *J. Rivera Barrera,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

El acusado apela de la sentencia de la corte de distrito imponiéndole treinta días de cárcel por abandono de menores. Se le acusa de no haber suministrado alimentos a su supuesto hijo natural, quien en agosto de 1944, fecha en que se radicó la denuncia, contaba tres años y ocho meses de edad. La única cuestión ante nos es si la prueba fué suficiente para sostener la convicción.

La madre del menor declaró que vivió en la casa del acusado desde 1932 durante seis años y medio; que

abandonó la casa del acusado por estar ambarazada; que sostuvo "relaciones sexuales" con el acusado, y que tuvo un hijo de él; que el acusado le dijo "que cuando se aprobara la ley para reconocimiento de hijos, que él me lo reconocería; y no lo ha hecho; y además no le ha dado alimento"; que cuando lo requirió para que le suministrara alimentos, el acusado siempre decía "después".

El único otro testigo que compareció en el juicio fué el hermano de la madre, quien declaró que en una ocasión el acusado vino a casa de su hermana a ver el niño, pero nada dijo con respecto a éste excepto "que estaba grandecito".

Como ya hemos resuelto, el testimonio de la madre, sin corroboración, *puede* ser suficiente para sostener una convicción en un caso de esta índole. *Pueblo* v. *De Jesús*, 57 D.P.R. 708; *Pueblo* v. *Irizarry*, 59 D.P.R. 947; *Pueblo* v. *Bernabe*, 63 D.P.R. 400. El testimonio de la madre, sin embargo, no exige *ipso facto* la convicción. Dicho testimonio, como cualquier otro, puede ser insuficiente. Así lo indicamos en el caso de *De Jesús*, a la pág. 712, cuando citamos con aprobación nuestro lenguaje en *Pueblo* v. *Rotger*, 55 D.P.R. 139, 141, al efecto de que "No apareciendo de la prueba que al tiempo de la concepción de la niña el acusado viviera en concubinato con la denunciante, *ni apareciendo tampoco que en fecha determinada comprendida dentro del período de gestación hubiesen tenido ellos relaciones sexuales, . . . la prueba no demuestra más allá de duda razonable la paternidad de la niña en el apelante.*"

Toda vez que la madre nunca especificó, ni aún aproximadamente, la fecha o fechas en que tuvieron lugar las alegadas relaciones sexuales, no podemos, bajo la doctrina del caso de *Rotger,* ver cómo la corte de distrito pudo haber llegado fuera de duda razonable a la conclusión de que el acusado era el padre de la criatura.

*La sentencia de la corte de distrito será revocada y se dictará otra absolviendo al acusado.*