EL PUEBLO DE PUERTO RICO, demandante y apelado, v. DOMINGO SANTIAGO RIVERA, acusado y apelante.

Núm. 11722—*Sometido:* Marzo 13, 1947. *Resuelto:* Marzo 24, 1947.

*Celestino Iriarte, F. Fernández Cuyar, H. González Blanes, E. Báez García* y *Juan Pedroza, Jr.,* abogados del apelante; *Hon. Procurador General Interino, Luis Negrón Fernández* y *Joaquín Correa Suárez, Fiscal Auxiliar del Tribunal Supremo,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR TODD, JR.; emitió la opinión del tribunal.

Versa este recurso sobre sentencia condenando al acusado por el delito de abandono de menores. Sostiene el apelante, en el único error señalado, que la prueba presentada es insuficiente para sostener la convicción. Veamos la prueba.

La de cargo consistió en la declaración de la madre del menor, Aurea Esther Torres, y las de Ramón Torres Ortiz, Angela Rivera e Ismael Ortiz.

Aurea Esther Torres declaró que es soltera y tiene un hijo llamado Domingo Alexis Torres; que conoció al acusado Domingo Santiago Rivera desde antes de las elecciones de 1944, pero que para esa época fué que se dirigió a ella, se hizo amistoso con ella, formó amistad con ella con interés; que la enamoraba durante tres meses y ella lo aceptó; que lo atendió; que ella vivía con una hermana suya en el campo y luego en casa de otra hermana en el pueblo de San Germán; que el acusado vivió con ella, no como amigo, sinó con interés y que de ese interés nació el niño; que el acusado es el padre del niño pero no le pasa nada para sus alimentos, ropa, etc., desde que nació que le envió diez dólares con su padre (de la testigo); que ella vivió con el acusado en casa de su cuñado Juan María Ruberté y en la casa de otro cuñado en San Germán; identificó un retrato del acusado que éste le había regalado en noviembre de 1944. En el contrainterrogatorio declaró que vivió con el acusado en las casas de sus dos hermanas, una en el campo y otra en el pueblo; que ella era señorita y viviendo en la casa de su cuñado Ruberté fué que dejó de serlo en enero de 1945 pues el acusado la desgració en el balcón y luego continuó viviendo con ella durante tres meses; que luego se mudó al pueblo; que su hermana y su esposo sabían que ella se quería con el acusado.

Los demás testigos de cargo tendieron a confirmar la declaración de la denunciante únicamente en cuanto a que ella vivió con sus dos hermanas y que el acusado la visitaba y salía con ella y además que el acusado le envió diez dólares cuando ella estaba en el hospital y que antes de dar a luz también le había dado dinero para que se preparara. Ninguno de estos testigos, sin embargo, declaró que el acusado viviera en concubinato con la denunciante. Nada hay en la prueba que demuestre la fecha en que nació el niño.

La prueba de la defensa tendió a demostrar que la denunciante salía con distintos hombres y frecuentaba un ca-

fetín en San Germán y el acusado negó haber tenido relaciones carnales con ella en fecha alguna o que le hubiera dado dinero.

Arguye el apelante que de acuerdo con lo resuelto en *Pueblo* v. *Rotger,* 55 D.P.R. 139, ratificado en *Pueblo* v. *Cáceres,* 65 D.P.R. 368, la prueba en este caso es insuficiente. Tiene razón.

En el caso de *Pueblo* v. *Rotger,* supra, resolvimos que:

" 'No apareciendo de la prueba que al tiempo de la concepción de la niña el acusado viviera en concubinato con la denunciante, ni apareciendo tampoco que en fecha determinada comprendida dentro del período de gestación hubiesen tenido ellos relaciones sexuales, tenemos que convenir con el fiscal de este tribunal que la prueba no demuestra más allá de duda razonable la paternidad de la niña en el apelante. La declaración de la denunciante es perfectamente compatible con la existencia de relaciones iniciadas después de la concepción de la niña.' "

En el caso de autos la prueba de cargo, creída por la corte sentenciadora, a lo sumo tendió a demostrar que el acusado tuvo relaciones carnales con la denunciante durante tres meses, comenzando en enero de 1945. Esta prueba no demuestra que el menor sea hijo del acusado pues no apareciendo la fecha en que nació dicho menor no puede determinarse que dentro del período de gestación hubiera la denunciante tenido relaciones sexuales con el acusado. En la denuncia tampoco se alegó dicha fecha. El hecho de que aparezca alegada en el requerimiento que se hizo al acusado en la corte municipal en los procedimientos previos establecidos por la ley, no habiéndose probado en el juicio de este caso ante la corte inferior, no es suficiente para dejar establecido ese hecho esencial.

*Procede la revocación de la sentencia apelada y la absolución del acusado.*