530

Francisco Falcón, menor de edad, representado por su madre con patria potestad, Mercedes Falcón, demandante y apelado, *v.* Francisco Cruz, también conocido como Casiano Cruz, demandado y apelante.

Núm. 9457.—*Sometido:* Junio 3, 1947. *Resuelto:* Junio 27, 1947.

*Manuel Torres Reyes,* abogado del apelante; *Luis A. Archilla Laugier,* abogado del apelado.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

La corte inferior al dictar sentencia, en corte abierta después de practicada la prueba en este caso sobre alimentos

y sin dar cumplimiento al artículo 227 del Código de Enjuiciamiento Civil,(¹) se limitó a decir lo siguiente:

"Se procedió a la páctica de la prueba de ambas partes, y, por el resultado de la misma, la Corte declara con lugar la demanda. A este Juez no le cabe la menor duda de que el niño Francisco Falcón *es hijo* del demandado *a juzgar* por su fisonomía física, el arco de las cejas de ambos, la nariz, la frente y la cara, por todo ello se ve claramente que este niño *es el vivo retrato* de Francisco Cruz. Yo no sé que podrá decir el Tribunal Supremo, si es que yo tengo razón o no si este caso va en apelación, pero yo no podría estar tranquilo con mi propia conciencia si no declaro con lugar la demanda. Creo que no sería fiel conmigo mismo, con mi conciencia de hombre si dijera lo contrario de lo que estoy diciendo, pero si este caso fuera algún día al Tribunal Supremo a mí me gustaría que los señores jueces de esa Corte *vieran la cara del niño y del demandado Francisco Cruz* y estoy seguro que ellos *llegarían a la misma conclusión.* Creo que *se ha establecido que el padre ha tenido en concepto de hijo a èste niño* y que todo padre en nuestro país está en la obligación moral y legal de alimentar a sus hijos que trajeron a la vida *en cualquiera forma que sea.*

"La Corte declara con lugar la demanda sobre alimentos y ordena que el demandado deposite todos los lunes de todos los meses, de todos los años, hasta que otra cosa se disponga por la Corte, la suma de diez dólares semanales para los alimentos de este niño, ya que su madre es una mujer casi tuberculosa y no puede hacerlo. Es obligación del padre tratar de que este niño no se contamine con esa enfermedad. Además condena al demandado a depositar para honorarios del abogado del demandante la suma de cincuenta dólares, sentencia que comenzará a ser cumplida el próximo lunes 10 de junio de 1946." (Bastardillas nuestras.)

El demandado apeló y en este recurso alega que la sentencia no está sostenida por la prueba y es el producto de conclusiones erróneas; que la demanda no aduce hechos suficientes constitutivos de causa de acción; que erró la corte inferior al declarar al demandante hijo natural del deman-

---

(¹)La Regla 52(*a*) de Enjuiciamiento Civil no es aplicable, por tratarse de un caso de alimentos que se tramita por el procedimiento del juicio de desahucio. Véase Regla 81(*a*).

dado y al fijar la suma de $10 semanales como pensión alimenticia pues no tuvo base o prueba ante sí que lo justificara.

No obstante la forma confusa en que está expresada en la sentencia la conclusión a que llegó la corte, no hay duda de que concluyó que el demandante es hijo del demandado, 1ro., por el parecido existente entre ambos y, 2do., porque el demandado "ha tenido en concepto de hijo a este niño."

En cuanto al primer fundamento no estamos en condiciones de resolver si existe o no dicho parecido. Aceptando que exista, sin embargo, ese hecho por sí solo no sería suficiente para que una corte pueda resolver que un niño es hijo de determinada persona "a juzgar por su fisonomía física." El parecido, a lo más, podrá ser un elemento a considerar en el conjunto de la prueba.

En cuanto al segundo motivo expuesto por la corte inferior, es decir, que el demandado ha tenido en concepto de hijo al demandante, el apelante arguye que la corte consideró probado que el demandante es hijo natural del demandado, cuando la prueba demostró que éste era un hombre casado desde el año 1928 y que el demandante nació el 13 de abril de 1935 y, por tanto, no podía tener la condición de hijo natural, de acuerdo con el artículo 125 del Código Civil (ed. 1930). Esto es cierto, empero, aceptando que lo que la corte inferior quiso decir fué que la prueba demostró que el demandante es hijo ilegítimo[2] del demandado, no hay duda alguna de que, de haberse probado la paternidad, el demandado está obligado a pasar alimentos al demandante, de acuerdo con los artículos 128 y 129, en relación con el 143 del mismo código. *Rivera* v. *Cardona,* 56 D.P.R. 819; *Miranda* v. *Cacho,* 66 D.P.R. 550.

[2] Bajo las disposiciones de la Ley núm. 229 de 12 de mayo de 1942 ((1) pág. 1297), según enmendada por la Ley núm. 243 de 12 de mayo de 1945 (pág. 815), ha desaparecido el concepto de hijos ilegítimos de todos aquéllos nacidos fuera de matrimonio con posterioridad a' la vigencia de dicha ley y los cuales se considerarán como hijos naturales.

■ La prueba que tuvo ante su consideración la corte inferior fué contradictoria. La del demandante tendió a demostrar que Mercedes Falcón, madre del demandante, tuvo relaciones sexuales con el demandado durante varios años y que de esas relaciones nació el demandante en el año 1935; que el demandado le daba dinero a la madre del demandante para los alimentos de éste y que luego el propio demandante iba donde el demandado semanalmente a buscarlos hasta que un año antes de radicarse la demanda en el 1946 dejó el demandado de suministrarlos; que asimismo el demandado, cuando nació el demandante, le suministró durante cuarenta días la leche que producía una de sus vacas.

La prueba del demandado no negó que el demandado hubiera tenido relaciones sexuales con la madre del demandante —el propio demandado lo admitió—pero tendió a demostrar que para ese tiempo Mercedes Falcón se quería con otro hombre también. Negó haberle pasado alimentos al demandante en forma alguna.

La corte sentenciadora, en mejores condiciones que nosotros para apreciar la prueba, dió crédito a la del demandante y descartó la del demandado. Con la aclaración que hemos hecho de que interpretamos la conclusión a que llegó la corte inferior de que el demandante es hijo ilegítimo del demandado y no un hijo natural, no debemos variar dicha conclusión en ausencia de alegación y prueba de que la corte actuara movida por pasión, prejuicio o parcialidad.

■ En cuanto a la cuantía de la pensión alimenticia fijada, diez dólares semanales, si bien la prueba del demandante fué de carácter general en el sentido de que el demandado es dueño de fincas y propiedades, dicha prueba no fué negada ni contradicha por el demandado en forma alguna y como la cuantía de una pensión alimenticia puede en cualquier momento ser variada por la corte si se le demuestra que el demandado no está en condiciones de continuar pasando la

534

suma fijada,(3) creemos que el último error señalado, aun cuando se hubiera cometido, no justificaría el que revocáramos la .sentencia, *la cual, en su consecuencia, debe ser confirmada.*

(3)El artículo 146 del Código Civil dispone que:

"La cuantía de los alimentos será proporcionada a los recursos del que los da y a las necesidades del que los recibe, y se reducirán o aumentarán en proporción a los recursos del primero y a las necesidades del segundo."