El Pueblo de Puerto Rico, demandante y apelado, *v.* Enrique López, acusado y apelante.

Núm. 12621.—*Sometido:* Noviembre 3, 1947.   *Resuelto:* Noviembre 25, 1947.

*R. A. Arroyo Ríos*, abogado del apelante; *Hon. Procurador General Luis Negrón Fernández* y *J. Rivera Barreras, Fiscal del Tribunal Supremo*, abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

Una denuncia radicada en la Corte Municipal de Río Grande el 20 de noviembre de 1945 imputó al apelante un delito de descuido y abandono de menores, consistente en que el 10 de septiembre de 1945 dejó de suministrar alimentos a su hija ilegítima de tres años de edad Nilda Alicia Rivera.

La vista del juicio *de novo* ante la corte *a quo* fué señalada para el 16 de enero de 1946. En esa fecha el acusado interpuso la defensa de cosa juzgada. Alegó que en otro caso de abandono de menores ante la Corte Municipal de Río Grande, en el cual se le imputó haber dejado de suministrar alimentos a la misma niña, fué absuelto por sentencia de 25 de enero de 1943. En apoyo de su defensa de cosa juzgada presentó en evidencia copia certificada de la denuncia y de la sentencia absolutoria del caso anterior. La corte a quo se reservó su resolución y suspendió la vista del caso hasta nuevo señalamiento. Algún tiempo después, en oposición a la defensa de cosa juzgada, el fiscal presentó una moción alegando que en el referido caso anterior no se celebró juicio; que el acusado y la denunciante comparecieron ante el juez municipal en su despacho y puestos de acuerdo en cuanto a la pensión que el acusado se comprometió a pasar a la niña, el juez municipal, sin que se celebrara juicio, dictó una sentencia absolviendo al acusado.

La vista de la moción del fiscal fué señalada para el 15 de marzo de 1946. Ese día, con la oposición de la defensa, el fiscal presentó el testimonio del juez municipal que había dictado la sentencia anterior. El juez municipal declaró que

intervino en la causa criminal en que dictó la sentencia de 25 de enero de 1943; que su intervención consistió en que después de radicada la denuncia en aquel caso, el acusado lo vió con el propósito de informarle del asunto; que como resultado de la conversación, el juez y el acusado convinieron entrevistarse con la denunciante con el fin de llegar a un acuerdo; que posteriormente vino la denunciante donde el juez y éste le manifestó que había hablado con el acusado y que el mismo se hallaba en buena disposición; que más tarde, el 25 de enero de 1943, la denunciante y el acusado volvieron al despacho del juez y discutieron el asunto, obligándose el acusado, sin que se hubiera practicado investigación alguna sobre la paternidad, a pasar a la niña la suma de $10 mensuales en concepto de alimentos; que inmediatamente, sin que se hubiera celebrado juicio, extendió una nota al dorso de la denuncia declarando absuelto al acusado. Basándose en esa nota el secretario redactó la sentencia en la forma ordinaria(¹) y el juez la firmó.

A la luz de esta evidencia, la corte a quo desestimó la defensa de cosa juzgada y visto el caso en sus méritos el 28 de mayo de 1946, dictó sentencia declarando culpable al acusado.

En apoyo de este recurso de apelación el acusado señala como errores, entre otros, el haberse denegado su defensa de cosa juzgada y la admisión del testimonio del juez municipal, contradiciendo el contenido de la sentencia.

Desde nuestra decisión en el caso de *Pueblo* v. *Lugo*, 64 D.P.R. 554, quedó establecido en esta jurisdicción que la defensa de cosa juzgada puede ser invocada en casos criminales. Pero para que prospere esa defensa, es requisito indispensable que la sentencia anterior se haya dictado con jurisdicción, pues una sentencia dictada sin jurisdicción no

(¹)La sentencia dice así:

"En Río Grande, P. R., a 25 de enero de 1943, ante esta corte compareció el acusado Enrique López personalmente y después de leída la denuncia alegó ser inocente. Vista la prueba la Corte declara a dicho acusado no culpable de abandono de menores y le absuelve."

existe ante la ley y no existiendo una sentencia anterior, no puede haber cosa juzgada.

No hay duda que la Corte Municipal de Río Grande tenía jurisdicción para conocer del delito una vez negada la paternidad. También la tenía sobre la persona del acusado, quien se hallaba presente al dictarse la supuesta sentencia, pero no puede haber duda de que ninguna corte tiene el poder de dictar una sentencia como la del caso anterior, sin la celebración del correspondiente juicio. Es un principio bien establecido que una sentencia dictada sin jurisdicción, precisamente por ser inexistente, puede ser atacada colateralmente en cualquier tiempo y aun con evidencia extraña al récord. *Restatement, Judgments* (1942) sección 2, *comment b.* Consecuentemente, no erró la corte a quo al recibir en evidencia la declaración del juez municipal, ni tampoco al denegar la defensa de cosa juzgada basándose en esa evidencia.(²)

██ Se queja el apelante de que, después de empezado el juicio la corte, a petición de la denunciante, citara al padre de ésta, el cual no aparecía como testigo en la denuncia.

El ordenar la citación de un testigo cuyo nombre no aparece en la denuncia o acusación descansa en la sana discreción del tribunal, y a menos que se demuestre perjuicio al acusado, la resolución de la corte no será alterada en apelación.(³)

██ Por último, alega el apelante que la evidencia es insuficiente para sostener la sentencia.

La evidencia del fiscal tendió a probar que el acusado, hombre casado, dueño de un automóvil público, quien trabajaba en la ruta entre San Juan y Fajardo, emprendió re-

---

(²)La declaración del juez municipal no fué contradicha. Por el contrario, fué corroborada por el propio acusado, quien durante el curso del juicio en sus méritos declaró; a preguntas de su abogado, que no se celebró tal juicio.

(³)El juez propuso a la defensa posponer la continuación del juicio para otro día, de modo que tuviera tiempo suficiente para prepararse, si era que la declaración de este testigo podría resultar en una sorpresa para el acusado, pero la posposición del juicio fué rechazada.

784

laciones con la denunciante, quien vivía en uno de los pueblos de dicha ruta. Que repetidas veces la llevó a la playa de Isla Verde, donde la desfloró y siguió teniendo contacto carnal con ella. Que como resultado de esas relaciones nació la niña Nilda Alicia. Que el acusado pagó los servicios de la comadrona y poco después abandonó a la denunciante y a la niña. En relación con esta evidencia la corte a quo tuvo ante sí la prueba de que el acusado, a virtud de la denuncia en el caso anterior, estuvo depositando en la Corte Municipal de Río Grande la cantidad de $10 mensuales para alimentos de la menor.([1])

Es verdad que la prueba de cargo en parte fué contradicha, pero habiéndola creído la corte a quo al dirimir el conflicto en contra del acusado, no debemos intervenir con su discreción en la apreciación de la prueba.

■■ Arguye el apelante que en casos como el presente en que la menor es una hija ilegítima, deben probarse dos elementos esenciales: la paternidad y la falta de suministrar alimentos sin excusa legal. En cuanto al primer elemento, alega que la paternidad no se establece con la mera manifestación de una mujer al efecto de que haya tenido relaciones carnales con el acusado y que como resultado de esas relaciones nació un hijo. Insiste en que es preciso probar alguno de los requisitos expuestos en el artículo 125 del Código Civil.([5])

---

([1]) La evidencia de haber pasado alimentos por sí sola no es suficiente para sostener una convicción, pero puede ser tomada en consideración al apreciar toda la prueba.

([5]) El artículo 125 del Código Civil, en lo pertinente, dice:

"El padre está obligado a reconocer al hijo natural:

"1. Cuando exista escrito suyo indubitable en que expresamente reconozca su paternidad.

"2. Cuando el hijo se halle en la posesión continua del estado de hijo natural del padre demandado, justificada por actos del mismo padre o de su familia.

"3. Cuando la madre fué conocida viviendo en concubinato con el padre durante el embarazo y al tiempo del nacimiento del hijo.

"4. Cuando el hijo pueda presentar cualquier prueba auténtica de su paternidad."

Al así argumentar olvida el apelante que no estamos ante un caso de filiación en el cual sería de aplicación el artículo 125 del Código Civil. Se trata de un caso de abandono de menores y ya hemos resuelto que aun la sola declaración de la madre, si tiende a probar todos los elementos del delito y es creída por la corte, es suficiente para sostener una sentencia. *Pueblo* v. *Cáceres*, 65 D.P.R. 368 y *Pueblo* v. *De Jesús*, 57 D.P.R. 708.

*Procede la confirmación de la sentencia.*