EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* REINALDO MERCADO, acusado y apelante.

Núm. 13342.—*Sometido:* Noviembre 1, 1948.   *Resuelto:* Noviembre 8, 1948.

*Mario Báez García,* abogado del apelante; *Hon. Procurador General Luis Negrón Fernández* y *J. Rivera Barreras, Fiscal del Tribunal Supremo,* abogados de El Pueblo, apelado.

El Juez Asociado Señor Marrero emitió la opinión del tribunal.

Reinaldo Mercado fué convicto por la Corte de Distrito de Mayagüez del delito de abandono de menores y de la sentencia dictada en su contra apela para ante este Tribunal. Sostiene en su alegato que dicha corte cometió error (1) al declarar sin lugar su moción solicitando se citase a los testigos Dimas León Valle e Inocencia Rivera; (2) al darle entero crédito a la declaración de la denunciante, sin permitirle al acusado impugnar su declaración con los propios testigos mencionados por ella, cometiendo así error manifiesto de hecho y de derecho e incurriendo en pasión, prejuicio y parcialidad; y (3) al declarar culpable al acusado del delito imputádole, incurriendo de ese modo en pasión, prejuicio y parcialidad.

Al finalizar el testimonio de la denunciante Felícita Gómez, única testigo presentada por El Pueblo, el abogado del acusado se expresó en los siguientes términos:

"Sr. Juez, como de la prueba de cargo ha surgido el nombre de dos personas que nosotros tenemos interés en oír, yo voy a hacer la siguiente proposición al fiscal: Que se oiga la prueba que tiene el acusado, la que tenía lista para el juicio y entonces que se ordene la continuación de la vista para el próximo lunes, a fin de que por el secretario o por el márshal se cite a los testigos Dimas León Valle y la comadrona que la asistió a ella, Inocencia Rivera. Claro está, no estamos tratando en forma alguna de dilatar los procedimientos. Entendemos que no se lesionarían en nada los intereses de El Pueblo."

Luego de discutirse la cuestión, la corte denegó lo solicitado y su resolución a ese efecto ha sido objeto del primer señalamiento.

Según el testimonio de Felícita Gómez, ella sostuvo relaciones con el acusado dede 1941 hasta septiembre de 1946

y como resultado de éstas salió encinta. Durante ese tiempo vivió en una casa propiedad de su tío Dimas León Valle, donde el acusado, quien a ella le constaba era casado, la visitaba de dos a tres veces por semana. Al poco tiempo de quedar embarazada, Mercado la mandó a Nueva York en avión y prometió unírsele en dicha ciudad, pero en vista de que él faltó a su promesa regresó a Puerto Rico poco más de dos meses después. A su regreso el diez de diciembre de 1946 el acusado la llevó donde una enfermera y donde distintos médicos para que se sacara la criatura, pero ella siempre se negó. Cuando la denunciante fué a dar a luz el acusado le mandó a una comadrona llamada Inocencia Rivera para que la atendiera y después de nacida la menor y durante varias semanas Mercado le remitió dinero para el sostenimiento de ésta, pero dejó de ayudarla desde el mes de julio.

El suspender un juicio descansa siempre en la sana discreción del tribunal inferior y no intervendremos con la misma a no ser que se nos demuestre que ha habido un abuso de tal discreción. *Pueblo* v. *Arce,* 67 D.P.R. 253; *Pueblo* v. *Escobar,* 55 D.P.R. 505; *Amy* v. *Barceló, Juez,* 59 D.P.R. 661; *Pueblo* v. *Montañez,* 54 D.P.R. 852; y *Pueblo* v. *Dumas,* 51 D.P.R. 844. Por otra parte, en el presente caso el propio Mercado declaró que sabía que Felícita Gómez vivía en una casa propiedad de su tío Dimas León Valle, aunque negó que fuera allí donde tuvieran relaciones sexuales, alegando por el contrario que siempre salían de noche en automóvil o visitaban la casa de un tal Candallo. No obstante tener tal conocimiento, no citó como testigos suyos ni a León Valle ni a Candallo, y al presentar su moción solicitando la posposición del caso no indicó en forma alguna cuál sería el testimonio de León Valle ni cuál el de Inocencia Rivera para que la corte a quo pudiera determinar su pertinencia. El primer error no ha sido cometido.

■ En casos de esta naturaleza la sola declaración de la madre del niño por cuyo abandono se presenta la denuncia, de ser creída, es suficiente para sostener una sentencia condenatoria. Su testimonio no necesita ser corroborado. *Pueblo* v. *López,* 67 D.P.R. 780, 784; *Pueblo* v. *Ortiz,* 67 D.P.R. 903; *Pueblo* v. *Cáceres,* 65 D.P.R. 368; *Pueblo* v. *Bernabe,* 63 D.P.R. 400; *Pueblo* v. *Irizarry,* 59 D.P.R. 947 y *Pueblo* v. *De Jesús,* 57 D.P.R. 708.

■■ En el caso de autos, la denunciante insistió reiteradamente en que sus relaciones con el acusado habían finalizado en septiembre 28 de 1946, y en que la menor nació en junio 5 de 1947. El acusado admitió haber tenido contacto con Felícita Gómez desde 1941 hasta fines de 1945, pero negó haberlo tenido durante el año 1946. La corte no dió crédito a este respecto al testimonio de Mercado, y por el contrario creyó a la denunciante. Ya hemos resuelto en innumerables ocasiones que una vez que se demuestra la existencia de relaciones sexuales entre el acusado y la madre del niño abandonado dentro del período de gestación, la sentencia condenatoria dictada por la corte inferior puede ser sostenida. Si el cese de las relaciones entre Mercado y Felícita ocurrió cuando ésta embarcó para Nueva York a fines de septiembre de 1946 y la niña nació en junio 5 de 1947, es incuestionable que el acusado y la denunciante sostuvieron tales relaciones dentro del período de gestación de la menor. Cf. *Pueblo* v. *Santiago,* 67 D.P.R. 86 y *Pueblo* v. *Cáceres,* supra. El hecho de que el acusado fuera casado y de ello tuviera conocimiento la madre de la menor, no le releva de su obligación de alimentar a ésta. *Pueblo* v. *Rodríguez,* 67 D.P.R. 735, 739. Basta que se pruebe la paternidad del niño para que surja la obligación de alimentarle. *Pueblo* v. *Rodríguez,* supra; *Falcón* v. *Cruz,* 67 D.P.R. 530.

■ La apreciación de la prueba corresponde en primera instancia a la corte inferior y un examen detenido de la misma no nos convence de que al así hacerlo ésta actuara mo-

vida por pasión, prejuicio o parcialidad. *Pueblo* v. *Rodríguez,* supra; *Pueblo* v. *Méndez,* 67 D.P.R. 824 y *Pueblo* v. *Bernabe,* 63 D.P.R. 400.

*No habiéndose cometido ninguno de los errores señalados, procede confirmarse la sentencia apelada.*