EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* FRANCISCO SANTIAGO CORREA, acusado y apelante.

Núm. 14040.—*Sometido:* Noviembre 7, 1949. *Resuelto:* Enero 30, 1950.

*G. Marrero Ledesma,* abogado del apelante; *Hon. Procurador General Vicente Géigel Polanco, J. Rivera Barreras, Fiscal del Tribunal Supremo* y *Fernando Fornaris, Jr., Fiscal Auxiliar,* abogados de El Pueblo, apelado.

El Juez Presidente Señor De Jesús emitió la opinión del tribunal.

El apelante fué denunciado y convicto de un delito de abandono de menores y condenado a tres meses de cárcel, pero la sentencia fué dejada en suspenso mientras el acusado pagase a la madre de los menores abandonados la cantidad de $5 semanales.

La evidencia del fiscal consistió de la declaración de la denunciante y la del Secretario de la Corte Municipal de Río Grande. La primera declaró que fué casada con Juan Fuentes, de quien se divorció el 17 de agosto de 1940 por la causal de abandono; que tuvo relaciones carnales con el acusado mientras vivía en la casa de éste; que al quedar encinta, el acusado la llevó a vivir a la casa de la madre de ella y allí nació su hijo llamado Engracio el 21 de enero de 1941; que después de nacido el niño, fué a vivir con la madre del acusado; que allí volvió a quedar encinta y nuevamente se fué a

vivir con la madre de ella hasta que nació la menor Ana Francisca, después de lo cual fué con los dos niños a vivir con la madre del acusado; que durante seis años el acusado pasó alimentos a los menores, primero $3 semanales, luego $2 semanales y después dejó de pasarlos.

La declaración del Secretario de la Corte Municipal de Río Grande fué al efecto de que en cierta ocasión, el juez de dicha corte, el acusado y la denunciante estuvieron reunidos en la oficina del primero, y poco después el juez llamó al declarante y le dijo que recibiera cierta cantidad que semanalmente le entregaría el acusado para los hijos de la denunciante; que en una ocasión el acusado le entregó $3 con dicho objeto; que después se instruyó a éste para que entregase la cantidad semanal a la denunciante por conducto de la Corte de Paz de Canóvanas o del Cuartel de la Policía de aquel pueblo. En una parte de su testimonio declaró este testigo que el acusado al entregarle los $3 le dijo que eran "para los menores de él", pero más adelante, repreguntado por la defensa, negó que el acusado le hubiera dicho que los menores fueran hijos suyos.

La única prueba aducida por el acusado fué el expediente del pleito de divorcio seguido por Juan Fuentes contra la denunciante, del cual resulta que el nacimiento del primer hijo tuvo lugar después de los 180 días siguientes al de la celebración del matrimonio con Juan Fuentes y antes de los 300 días siguientes a su disolución.

 Si se tratase de una acción civil para impugnar la legitimidad, la prueba aducida en relación con la paternidad de este menor no sería suficiente para controvertir la presunción de que dicho niño es hijo legítimo de Juan Fuentes. Artículo 113 del Código Civil.(1) Pero aparte de eso, tratándose en

(1) El artículo 113 del Código Civil prescribe:

"Son hijos legítimos los nacidos después de los ciento ochenta días siguientes al de la celebración del matrimonio y antes de los trescientos días siguientes a su disolución.

"Contra esta legitimidad no se admitirá otra prueba que la imposibilidad física del marido para tener acceso con su mujer en los primeros ciento veinte días de los trescientos que hubiesen precedido al nacimiento del hijo."

este caso de una acción criminal no puede impugnarse dentro de este procedimiento la presunción de legitimidad. A este efecto, el artículo 116 del Código Civil prescribe que la legitimidad puede ser impugnada solamente por el marido o sus legítimos herederos. Al especificar el Código quiénes pueden impugnar la legitimidad, naturalmente, excluyó a aquéllos que no mencionó en el citado artículo. Si hubiera sido la intención del legislador investir al Estado con la facultad de impugnar la legitimidad, fácil le hubiera sido hacerlo. *Ex parte Madalina,* 164 Pac. 348 (Cal., 1917).

Podría argüirse que la limitación en cuanto a quiénes pueden impugnar la legitimidad se halla en el Código Civil y que no encontrándose igual disposición en el Código Penal, lo prescrito en el artículo 116 no es aplicable a procedimientos criminales. Ese argumento sería insostenible porque el artículo 116 declara la política pública del Estado en relación con la impugnación de la legitimidad y naturalmente esa política no debe variar con la clase de procedimiento que se establezca.

 Si este menor fuera el único que se alegó abandonado por el acusado, nos veríamos constreñidos a revocar la sentencia. Pero la denuncia en el presente caso comprende el abandono de dos menores y en cuanto a la segunda, Ana Francisca, no concurren las circunstancias que existen en lo que a su hermano respecta, pues ésta nació mucho después de los 300 días subsiguientes a la disolución del matrimonio. En el caso de ella no concurren las circunstancias que existieron en el de *Pueblo* v. *De Jesús,* 57 D.P.R. 708, donde se probó que la fecha de las relaciones sexuales y la del nacimiento del niño coincidían con el período de gestación; pero si tenemos en cuenta que cuando la denunciante quedó encinta vivía en la casa del acusado; que antes de dar a luz fué a vivir a la casa de la madre de ella, pero que una vez nacida la niña, madre e hija fueron a vivir a la casa de la madre del acusado; si consideramos que la ayuda que por espacio de seis años estuvo prestando el acusado a estos niños no la dió por mera

liberalidad, sino después de haber sido llamado por el juez municipal a requerimiento de la denunciante, ordenándosele que entregara semanalmente cierta cantidad en determinado sitio, llegaremos a la conclusión de que todas estas circunstancias, que no han sido controvertidas en manera alguna, demuestran que el acusado implícitamente admitió la paternidad de la niña.

El caso de *Pueblo* v. *Cáceres*, 65 D.P.R. 368, fácilmente puede distinguirse del presente en que allí el acusado en ningún momento dió alimentos al supuesto hijo.

Nos damos cuenta de que el pronunciamiento al efecto de que la sentencia de cárcel quedaría en suspenso mientras el acusado entregara a la denunciante $5 semanales para alimentos de los niños, probablemente se hizo habida cuenta de que se trataba de dos menores, pero considerando lo exiguo de la cantidad que en realidad es insuficiente para el sostenimiento de la niña, no haremos modificación en cuanto a dicha cantidad. *Procede modificar la sentencia en el sentido de que los $5 semanales que deberá entregar el acusado a la denunciante se aplicarán a alimentos para la menor Ana Francisca. Así modificada se confirma.*