EDILBERTA PÉREZ, demandante y apelante, *v.* JUAN RUPERTO ROSARIO, demandado y apelado.

Núm. 10394.—*Sometido:* Mayo 2, 1951. *Resuelto:* Mayo 18, 1951.

*Juan Nevares Santiago,* abogado de la apelante; *Faustino R. Aponte,* abogado del apelado.

EL JUEZ PRESIDENTE INTERINO SEÑOR TODD, JR., emitió la opinión del tribunal.

Al declarar sin lugar la demanda sobre alimentos en este caso el tribunal sentenciador llegó a las siguientes conclusiones de hecho:

"La Corte da por probados los siguientes hechos:

"1.—Que la demandante, Edilberta Pérez, contrajo matrimonio con Juan Dávila Lugo en Ceiba, P. R. el día 3 de diciembre de 1948, habiéndose separado de su esposo uno o dos meses después de la celebración del matrimonio sin que el vínculo matrimonial se hubiera disuelto de acuerdo con la ley.

"2.—Que entre los meses de abril y mayo de 1949 la demandada sostuvo relaciones sexuales con el demandado y el 17 de enero de 1950, Edilberta dió a luz una niña que lleva el nombre de Margarita Pérez."

Aplicó entonces los artículos 113 y 116 del Código Civil, ed. de 1930, (1) y citando el caso de *Pueblo* v. *Santiago,* 70 D.P.R. 837, llegó a la conclusión de que la demandante estaba impedida de impugnar la paternidad de su hija.

---

(1) Los artículos 113 y 116 del Código Civil disponen lo siguiente:

"Artículo 113.—Son hijos legítimos los nacidos después de los ciento ochenta días siguientes al de la celebración del matrimonio y antes de los trescientos días siguientes a su disolución.

"Contra esta legitimidad no se admitirá otra prueba que la imposibilidad física del marido para tener acceso con su mujer en los primeros ciento veinte días de los trescientos que hubiesen precedido al nacimiento del hijo."

"Artículo 116.—La legitimidad puede ser impugnada solamente por el marido o sus legítimos herederos. Estos sólo podrán impugnar la legitimidad del hijo en los casos siguientes:

"1. Si el marido hubiese fallecido antes de transcurrir el plazo señalado para deducir su acción en juicio.

"2. Si muriese después de presentada la demanda sin haber desistido de ella.

"3. Si el hijo nació después de la muerte del marido."

En apelación la demandante sostiene que la corte erró al aplicar los artículos 113 y 116 del Código Civil, ya que una vez probada la paternidad, aunque se trate de una hija adulterina, el padre está obligado a pasarle alimentos.

La apelante parte de una premisa que no existe, es decir, que la corte a quo diera por probado el hecho de la paternidad del demandado. En sus conclusiones de hecho no se dice tal cosa. Por el contrario, en sus conclusiones de derecho hizo constar que "La cuestión esencial es si la demandante al testificar que el demandado es el padre de la menor Margarita Pérez puede ser tomada en consideración por el Tribunal a la luz del artículo 116 del Código Civil para determinar la paternidad de dicha menor," y más adelante resolvió que de acuerdo con el artículo 116, supra, una mujer casada no puede impugnar la paternidad de su hijo y citó el caso de *Pueblo* v. *Santiago*, supra, en el cual dijimos, pág. 840, que "Al especificar el Código quiénes pueden impugnar la legitimidad, naturalmente, excluyó a aquéllos que no mencionó en el citado artículo."

Arguye, además, la apelante que ella declaró que su esposo se había ido para Saint Thomas y que, por tanto, demostró la imposibilidad física de haber tenido acceso con ella. Aceptando, sin resolverlo, que esa declaración fuera suficiente en un caso sobre impugnación de legitimidad— cf. *Cubano* v. *Del Valle*, 69 D.P.R. 579—siempre tendríamos el hecho de que el artículo 116 del Código Civil, supra, no autoriza a la esposa a impugnar la legitimidad de su hijo.

Los hechos en el caso de *Pueblo* v. *Rodríguez*, 67 D.P.R. 735, citado por la apelante, son distintos a los del presente. Allí dijimos que ". . . basta con que haya prueba de la paternidad para que el derecho a los alimentos sea indubitado . . .", no importa que el hijo sea adulterino. Aquí la paternidad de la hija está establecida por la ley—artículo 113 del Código Civil, supra—como hija legítima del marido de la apelante. La corte inferior no dió por probado que el apelado fuera el padre ilegítimo.

Es de notarse además, que en relación con este mismo caso y en el certiorari núm. 10, *Juan Ruperto Rosario* v. *Corte de Distrito de Humacao*, revocamos por la autoridad del caso de *Pueblo* v. *Santiago*, supra, la sentencia dictada en el caso criminal contra el aquí apelado, por abandono de menores.

▉ No vemos qué aplicación pueda tener la Ley núm. 229 de 12 de mayo de 1942 (pág. 1297), según fué enmendada por la Ley núm. 243 de 12 de mayo de 1945 (pág. 815), citada por la apelante, a los hechos del presente caso. La hija de la demandante tiene la presunción de ser hija legítima, artículo 113, supra, y no puede la demandante por sí destruir esa presunción para convertirla en hija natural a virtud de la Ley núm. 229.

*Debe confirmarse la sentencia.*