YOLANDA IVETTE BONILLA, representada por su madre con patria potestad sobre ella, CARMEN ROSA BONILLA, demandante y apelante, *v.* JUAN RIVERA, demandado y apelado.

Número 11972.

*Sometido:* 2 de abril de 1958. *Resuelto:* 18 de abril de 1958.

*Héctor Lugo Bougal,* abogado de la apelante; *Carlos E. Colón,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

Este es un recurso de apelación contra la sentencia dictada por el Tribunal Superior, Sala de Ponce, declarando sin lugar la demanda de alimentos interpuesta por la menor demandante contra el demandado mencionado en el epígrafe. Se señala como único error el cometido por el tribunal a quo al justipreciar el efecto legal de la evidencia aportada en la vista del caso.

El tribunal a quo concluyó que (*a*) la menor Yolanda Ivette Bonilla nació el día 24 de junio de 1954, en un alumbramiento normal, o sea, en el término de nueve meses a partir de la fecha de su concepción; (*b*) que dicha niña fué concebida en uno de los días de los meses comprendidos entre el período de octubre y noviembre de 1953, siendo incierta la fecha de su concepción; (*c*) que entre los meses de octubre a noviembre de 1953, el demandado y la madre de la menor Yolanda Ivette, tuvieron un solo coito que duró algunos minutos, sin que en ninguna otra ocasión volvieran a tener relaciones sexuales.

Como cuestión de derecho dicho tribunal concluyó que (1) no se estableció con claridad la fecha del coito celebrado por el demandado con la madre de la menor demandante por lo que no había base para calcular matemáticamente el período de gestación; (2) la prueba no demostró que la madre de la demandante llevara relaciones concubinarias o sexuales continuamente con el demandado durante los meses de octubre a noviembre de 1953 "y ante esas circunstancias y la completa inexactitud de la fecha del único coito, esti-

mamos que la demandante no ha probado satisfactoriamente el alegado coito y por tanto la paternidad. *Pueblo v. Cáceres*, 65 D.P.R. 368; *Pueblo v. Rotger*, 55 D.P.R. 139–141"; y (3) no habiéndose probado la paternidad, no procedía condenar al demandado a pasar alimentos a la demandante.

De acuerdo con las propias conclusiones de hecho del tribunal sentenciador, la menor demandante fué concebida en el período de tiempo entre los meses de octubre y noviembre de 1953 y en ese mismo período el demandado sostuvo relaciones sexuales, aunque una sola vez, con la madre de la demandante. Esta declaró que su hija, aquí demandante, es sietemesina, o sea, que nació a los siete meses de engendrada. Aunque el tribunal a quo concluyó que la niña demandante nació en un alumbramiento normal, o sea, en el término de nueve meses a partir de la fecha de su concepción, no hay prueba en el récord que sostenga dicha conclusión. La única prueba ofrecida para establecer ese hecho, es el récord clínico de la madre de la demandante presentado por el demandado, pero dicho récord fué admitido, según las propias palabras del juez sentenciador "exclusivamente para establecer que la demandante Carmen Rosa Bonilla, madre de esta niña, ingresó en el Hospital Tricoche el día 24 de junio de 1954, momentos después de haber dado a luz una criatura, y que esa criatura pesó cinco libras dos onzas, y midió diez y siete pulgadas". Lo que sí demuestra la prueba es que de haber sido concebida la niña en uno de los días de octubre a noviembre, según concluyó el tribunal a quo, y esto concuerda con la fecha del único coito, la niña nació a los siete meses de concebida o después de ese tiempo. Ello implica que el parto era viable.(¹) No es correcto pues

(¹) Nuestro Código Civil, al igual que la mayoría de los códigos europeos, al establecer la presunción de legitimidad de los hijos habidos en el matrimonio, concede la probabilidad de que un feto viable pueda nacer entre los 180 y los 300 días después del concúbito. Art. 113 Cód. Civil. [31 L.P.R.A., sec. 461]; 1 Manresa, *Código Civil Español*, 645; 3 Scaevola, *Código Civil*, 291; Gradwohl, *Legal Medicine*, 806. La ciencia médica reconoce que el período normal de duración del embarazo

afirmar que en este caso el juez no tenía base para iniciar el cálculo matemático a fin de determinar si la niña demandante fué concebida como consecuencia del coito habido entre su madre y el demandado. Los hechos en los casos de *Pueblo* v. *Rotger*, 55 D.P.R. 139; *Pueblo* v. *Cáceres*, 65 D.P.R. 368 y *Pueblo* v. *Santiago*, 67 D.P.R. 86, son distintos a los del presente caso. En el de *Rotger*, la madre de la niña declaró que vivió con el acusado como dos o tres meses antes de nacer la niña y en su consecuencia dijo este Tribunal a la pág. 141, que "ni apareciendo tampoco que en fecha determinada comprendida dentro del período de gestación hubiesen ellos tenido relaciones sexuales, tenemos que convenir con el fiscal de este Tribunal que la prueba no demuestra más allá de duda razonable la paternidad de la niña en el apelante". En el de *Cáceres* la madre declaró que sostuvo relaciones sexuales con el acusado y que tuvo un hijo de él; que el acusado le dijo que cuando se aprobara la ley para reconocimiento de hijos, él se lo reconocería. Este Tribunal dijo entonces que toda vez que la madre nunca especificó, ni aun aproximadamente, la fecha o fechas en que tuvieron lugar las relaciones sexuales, no podía ver cómo, bajo la doctrina del caso de *Rotger*, la corte de distrito pudo haber llegado fuera de duda razonable a la conclusión de que el acusado era el padre de la criatura. Y finalmente en el caso de *Santiago* no se probó la fecha de nacimiento del niño. Este Tribunal dijo a la pág. 88: "En el caso de autos la prueba de cargo, creída por la corte sentenciadora, a lo sumo tendió a demostrar que el acusado tuvo relaciones carnales con la denunciante durante tres meses, comenzando en enero de 1945. Esta prueba no demuestra que el menor sea hijo del acusado pues no apareciendo la fecha en que nació dicho menor no puede determinarse que dentro del período de gestación

---

es de 270 a 280 días, aproximadamente, pero admite que en algunos casos puede ser de solamente 240 días y aun menos y extenderse hasta 300 ó más días. Gonzales, Vance, Helpern y Umberger, *Legal Medicine; Pathology & Toxicology*, 562; Eastman, *Obstetrics* 198.

hubiera la denunciante tenido relaciones sexuales con el acusado. En la denuncia tampoco se alegó dicha fecha."

Solamente forzando impropiamente la doctrina sentada en estos tres casos criminales, podríamos aplicarla a la presente acción civil. Fué error del tribunal a quo así hacerlo.

Sin embargo, en vista de que algunas de las conclusiones del juez sentenciador son contradictorias y en vista, además, que de ellas no se desprende claramente el grado de credibilidad que le mereciera la prueba testifical presentada por las partes, máxime cuando dicho juez declaró que la madre de la menor demandante había incurrido en contradicciones fundamentales en la vista de un proceso ante otro tribunal, *procede revocar la sentencia apelada y devolver el caso para que se formulen nuevas conclusiones de hecho y de derecho, libres de la errónea creencia del juzgador sobre la aplicabilidad a los hechos de este caso, de la doctrina expuesta en los casos de Cáceres y Rotger, supra.*